IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VERINT AMERICAS INC., d/b/a FORESEE   )
RESULTS, INC. and successor-in-interest to   )
ForeSee Results, Inc.,   )
   )
          Plaintiff,   )
   )
    v.   )     C.A. No. _____
   )
CLAES G. FORNELL; CFI SOFTWARE, LLC;   )
CFI GROUP USA, LLC; and AMERICAN   )
CUSTOMER SATISFACTION INDEX, LLC,   )
   )
          Defendants.   )

## COMPLAINT

Plaintiff Verint Americas Inc. ("Verint"), the successor-in-interest to ForeSee Results, Inc.,[1] by and through its undersigned attorneys, brings this complaint against Defendants Claes G. Fornell ("Dr. Fornell"); CFI Software, LLC ("CFI Software"); CFI Group USA, LLC ("CFI Group USA"); and American Customer Satisfaction Index, LLC ("ACSI LLC") (collectively, "Defendants"), and in support thereof, alleges as follows:

## NATURE OF THE ACTION

1. This action arises out of a blatant attempt by Dr. Claes Fornell and his affiliates, agents and alter egos to extract value from ForeSee not once — but now *at least three times* — in clear violation of their agreements not to do so.

2. In the 1980s and 1990s, Dr. Fornell researched and developed customer satisfaction measurement approaches, including the American Customer Satisfaction Index ("ACSI"). Dr.

---

[1]     As the successor to ForeSee Results, Inc., and for simplicity's sake, Verint Americas Inc. and ForeSee Results, Inc. are referred to herein as "ForeSee."

Fornell then founded a number of companies to exploit the ACSI, including CFI Software (where "CFI" stands for "Claes Fornell International") in 2001. Dr. Fornell founded CFI Software to hold his interests in another company, ForeSee, which was also established in 2001 to bring the ACSI into digital environments, including websites.

3.     Dr. Fornell served as Chairman of the Board of ForeSee from its founding until, in December 2013, CFI Software — at Dr. Fornell's direction — agreed to sell its 37.82% interest in ForeSee to Answers Corporation ("Answers") as part of Answers' acquisition of ForeSee.

4.     In order to protect itself and ForeSee, Answers required the principal sellers, including CFI Software, on behalf of themselves and all of their affiliates, directors, agents and members to enter into a December 20, 2013 Joinder and Waiver Agreement, which included a representation that they and their affiliates, directors, agents and members had no claims against ForeSee, and, as extra protection, also included a general release that released ForeSee from all claims that the principal sellers or their affiliates, directors, agents and members may have against ForeSee. The December 20, 2013 Merger Agreement between Answers and ForeSee (the "Merger Agreement") likewise included numerous representations that ForeSee's operations did not "infringe or misappropriate . . . any Intellectual Property Rights of any Person," did not "constitute unfair competition or trade practices," and were in compliance "with all Laws." The principal sellers, including CFI Software, agreed to indemnify ForeSee for any breach of those representations, Dr. Fornell was Chairman of the Board of ForeSee when those representations were made, and the Board of ForeSee approved and adopted the Merger Agreement.

5.     Nonetheless, despite the fact that ForeSee's business practices today remain consistent with its business practices prior to CFI Software's sale of the business in 2013, Defendants ACSI LLC and CFI Group USA — two affiliates, agents and alter egos of Dr. Fornell

and CFI Software — have filed litigation against ForeSee in the Eastern District of Michigan (the "EDMI Litigation") on the grounds that ForeSee's business practices amount to, *inter alia*, unfair competition.  Upon information and belief, Dr. Fornell directed the filing of the EDMI Litigation. And upon information and belief, Defendants or their affiliates may also have initiated *qui tam* litigation making similar claims, though any such litigation would likely currently be sealed.

6.      But the claims in the EDMI Litigation are precisely the claims that Dr. Fornell, CFI Software and their other affiliates represented that *they did not have* at the time of the December 2013 sale of ForeSee.  And these are precisely the claims that Dr. Fornell, CFI Software and their other affiliates *released* pursuant to the Joinder and Waiver Agreement. And these claims, if true, would render the representations and warranties in the Merger Agreement *false*.

7.      Effectively, Dr. Fornell, CFI Software and their other affiliates sold ForeSee fully accepting, acknowledging, and affirmatively representing that ForeSee would and could continue to operate its business in the way it was doing so at the time of sale.  Upon information and belief, they received more than $75 million in value as part of that sale, and Dr. Fornell personally received a significant portion of that value.  Now, they are coming back for more, asserting that, contrary to their representations and release at the time, ForeSee's operations have been in violation of the law, amount to unfair competition and tortious interference, and that they are entitled to additional recoveries.  This is inequitable, a breach of contract and fraud.

8.      Perhaps Dr. Fornell, CFI Software and their other affiliates hoped that, given the passage of time, Verint would not identify the import of the Joinder and Waiver Agreement and, in fact, it was not until recently, during discovery in the EDMI Litigation, that Verint was in a position to understand the effect of the Joinder and Waiver Agreement.  Once it did, Verint sent a letter to Defendants demanding that they immediately dismiss the EDMI Litigation and stating

that, if they did not, Verint would (among other actions) file suit against Defendants for breaches of the Joinder and Waiver Agreement and fraud.

9.      Defendants refused to dismiss their litigation and so Verint, as the successor to ForeSee, now brings this action to recover for the damages it has suffered and may suffer as a result of Defendants' actions.

10.      To be clear, Verint does not believe that the claims Defendants are now pursuing against it in the EDMI Litigation have merit, and instead believes that Defendants' representations in the Merger Agreement as part of the 2013 sale of ForeSee to Answers — that ForeSee's business practices complied with the law and did not amount to unfair competition — are accurate.  But Verint is bringing this suit now given that Defendants' refusal to dismiss the EDMI Litigation and ongoing *pursuit* of these claims breaches Defendants' representations and releases in the Joinder and Waiver Agreement, and has already damaged and will continue to damage Verint, even if the claims in the EDMI Litigation are ultimately rejected — as they should be.

## THE PARTIES

### The Plaintiff

11.      Verint Americas Inc. is a Delaware corporation organized and existing under the laws of the State of Delaware with its principal place of business at 800 North Point Parkway, Alpharetta, Georgia. In December 2018, Verint Americas Inc. acquired the stock of ForeSee Results, Inc. from Answers.  In 2019, Verint Americas Inc. and ForeSee Results, Inc. merged, leaving Verint Americas Inc. as the surviving corporation and the successor to ForeSee Results, Inc.  Verint Americas Inc. continues to do business under the assumed name "ForeSee."

### The Defendants

12.      Dr. Claes G. Fornell is the creator of the ACSI.  Dr. Fornell has founded several companies, including CFI Software, CFI Group USA, ACSI LLC, and ForeSee, to exploit the

ACSI commercially.  At all relevant times, Dr. Fornell controlled CFI Software, CFI Group USA, and ACSI LLC, and was a director, officer, member and/or manager of each.  Upon information and belief, Dr. Fornell resides in Dexter, Michigan and works in Ann Arbor, Michigan.

13.     CFI Software, LLC is a Michigan limited liability company having its principal place of business at 625 Avis Dr., Ann Arbor, Michigan.  CFI Software was founded by Dr. Fornell in 2001 (the "CFI" stands for "Claes Fornell International") and at all relevant times was controlled by Dr. Fornell and/or companies that he controls.  Upon information and belief, Dr. Fornell sat on the board of managers and was a member of CFI Software at all relevant times.  On January 12, 2017, CFI Software, LLC filed a certificate of dissolution, but upon information and belief remains able to be sued in its name as if dissolution had not occurred under the terms of the Michigan Limited Liability Company Act.  Upon information and belief, none of the members of CFI Software, LLC are domiciled in Delaware or Georgia.

14.     CFI Group USA, LLC is a Michigan limited liability company having its principal place of business at 3916 Ranchero Drive, Ann Arbor, Michigan.  CFI Group USA was also founded by Dr. Fornell in 2001 (again, the "CFI" stands for "Claes Fornell International"), and at all relevant times was controlled by Dr. Fornell or companies that Dr. Fornell controls.  To this day, CFI Group USA markets itself as Dr. Fornell's company, including his name in its logo:



 Dr. Fornell is the Chairman of the Board of Directors of CFI Group USA, a member of CFI Group USA, and has sat on the board of directors of CFI Group USA at all relevant times.  Upon information and belief, none of the members of CFI Group USA, LLC are domiciled in Delaware or Georgia.

15.     ACSI LLC is a Michigan limited liability company with its registered office located at 625 Avis Drive, Ann Arbor, Michigan.  ACSI LLC was founded by Dr. Fornell in 2008, and at all relevant times was controlled by Dr. Fornell or companies that he controls.  Dr. Fornell is the Chairman and a member of ASCI LLC.  Upon information and belief, none of the members of ACSI LLC are domiciled in Delaware or Georgia.

## JURISDICTION AND VENUE

16.     Plaintiff incorporates each of the preceding paragraphs 1 through 15 above as if fully set forth herein.

17.     This is a civil action for breach of contract, alter ego liability, unjust enrichment, and fraud.

18.     Plaintiff Verint is a Delaware corporation with its principal place of business in Georgia.  Defendants ACSI LLC, CFI Group USA and CFI Software are Michigan limited liability companies, and upon information and belief none of their members are domiciled in Delaware or Georgia.  Dr. Fornell is a citizen of Michigan.

19.     Accordingly, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(2) because it is an action between citizens of a state and citizens of a foreign state and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

20.     This Court has personal jurisdiction over CFI Software because it is a signatory to the Joinder and Waiver Agreement, which provides that it submits to the exclusive jurisdiction of Delaware courts, including this Court, for the purposes of any suit relating to or arising out of the Joinder and Waiver Agreement:

(g) Governing Law and Venue. This Agreement shall be governed by and construed in accordance with the Laws of the State of Delaware, without regard to its

principles of conflicts of laws. Each of the parties hereto irrevocably submits to the exclusive jurisdiction of the courts of the State of Delaware located in New Castle County and the United States District Court for the District of Delaware for the purpose of any suit, action, proceeding or judgment relating to or arising out of this Agreement and the transactions contemplated hereby. Service of process in connection with any such suit, action or proceeding may be served on each party hereto anywhere in the world by the same methods as are specified for the giving of notices this under Agreement. Each of the parties hereto irrevocably consents to the jurisdiction of any such court in any such suit, action or proceeding and to the laying of venue in such court. Each party hereto irrevocably waives any objection to the laying of venue of any such suit, action or proceeding brought in such courts and irrevocably waives any claim that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum.

21.     This Court has personal jurisdiction over the other Defendants because the claims asserted herein against them relate to the Joinder and Waiver Agreement and they are all parties closely related to the Joinder and Waiver Agreement and the sale of ForeSee to Answers, covered by the terms of the Joinder and Waiver Agreement, and beneficiaries of the Joinder and Waiver Agreement and the sale of ForeSee to Answers, and thus foreseeably bound by the exclusive jurisdictional provisions of the Joinder and Waiver Agreement.  As alleged more fully herein, Dr. Fornell and CFI Software took an active role in the sale of ForeSee to Answers on behalf of themselves and their affiliates and agents, all of whom received substantial benefits from the transaction, and therefore they are all bound by the Joinder and Waiver Agreement's consent to jurisdiction.

22.     Alternatively, this Court has jurisdiction over the other Defendants because they are each alter egos and/or agents of CFI Software, such that they are subject to this Court's jurisdiction by virtue of the Joinder and Waiver Agreement.

23.     Alternatively, this Court has jurisdiction under 10 Del. C.  § 3104 over CFI Software, Dr. Fornell and their affiliates, agents and alter egos because they engaged in the sale of ForeSee, a Delaware corporation, to Answers, a Delaware corporation, in a transaction all the

parties agreed would be subject to Delaware law with all disputes to be exclusively litigated in Delaware, and caused harm to ForeSee as a result of their actions in that transaction.

24.      In addition, this Court has jurisdiction under 10 Del. C. § 3114 over Dr. Fornell because the claims herein relate to actions he took as a director of ForeSee Results, Inc., a Delaware corporation.

25.      Venue is proper in the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1391(b), given the "Governing Law and Venue" provision in the Joinder and Waiver Agreement, which provides for venue in this Court.

## BACKGROUND

### Dr. Fornell Founds Affiliated Companies to Monetize the ACSI

26.      In the 1980s, Dr. Fornell, a professor at the Stephen M. Ross School of Business at the University of Michigan, researched and developed customer satisfaction measurement approaches resulting in certain national indices, including the "Swedish Customer Satisfaction Barometer" ("SCSB") and later the "American Customer Satisfaction Index" or "ACSI."

27.      Initially, the University of Michigan, under the direction of Dr. Fornell, developed, disclosed and produced the ACSI.  For example, the ACSI was publicly disclosed in a 1996 article, published by Dr. Fornell and others in a Journal of Marketing article entitled "The American Customer Satisfaction Index: Nature, Purpose, and Findings."  For many years, also under the direction of Dr. Fornell, the University of Michigan produced a national ACSI on a macroeconomic level.

28.      Dr. Fornell commercially exploited and began using the ACSI and the ACSI model/methodology commercially, first as Anjoy Research, Inc. (formed in 1988), and later as CFI Group, Inc. (formed in 1995).

29.     In 2001, Dr. Fornell formed CFI Group USA, LLC for the purpose of continuing to apply the ACSI model/methodology in traditional, non-digital environments on a microeconomic level for clients.  Dr. Fornell is the founder, a member of, and Chairman of the Board of CFI Group USA.

30.     Similarly, and also in 2001, Dr. Fornell and Compuware Corporation founded ForeSee, but for the purpose of adapting the ACSI model/methodology for application in a digital environment.  ForeSee was primarily owned by an entity created by Dr. Fornell, CFI Software, and an entity created by individuals from Compuware Corporation.  Dr. Fornell served as the Chairman of the Board of ForeSee.

31.     In 2008, Dr. Fornell founded ACSI LLC to produce the national ACSI that had been, until that time, produced by the University of Michigan.  Upon information and belief, Dr. Fornell owned, has been a member of, and controlled ACSI LLC at all relevant times.

32.     The ACSI model/methodology is public domain information.  As confirmed by CFI Group USA in recent litigation, it is "not copywritten, patented, trademarked or even trade secret."

**ForeSee's Current Business Practices Were Well Established at the Time of Its 2013 Sale to Answers**

33.     On or about April 4, 2002, the Regents of the University of Michigan granted ForeSee a ten-year non-exclusive worldwide right to use two ACSI-related designations that were then owned by the University of Michigan.  These ACSI-related designations included the term ACSI (*see* U.S. Reg. No. 2122772) and a design including the term ACSI and a curved line and a five point start (*see* U.S. Reg. No. 2122752) (collectively the "ACSI Designations").

34.     In 2008, following the formation of ACSI LLC, the University of Michigan assigned ForeSee's non-exclusive trademark license to ACSI LLC.  ForeSee agreed to and acknowledged the assignment of its trademark license to ACSI LLC at the time.

35.     Well into the term of the non-exclusive sub-license from the University, while continuing to use the ACSI model/methodology, ForeSee enhanced the algorithm it used to estimate satisfaction scores for customers.  From 2001-2008, ForeSee had utilized a component-based statistical algorithm, a Latent Variable Partial Least Squares approach ("LV-PLS algorithm"), to estimate customer satisfaction scores.  Then, in 2008 and 2009, it began to research an improved and related component-based statistical algorithm.  Starting in 2008 or 2009, ForeSee began to evaluate the use of a Generalized Structured Component Analysis algorithm ("GSCA algorithm"), a "state of the art" component-based statistical algorithm that provided certain advantages over the LV-PLS algorithm.  While the GSCA algorithm offered advantages over the LV-PLS algorithm, the satisfaction scores estimated by both algorithms did not materially differ and were comparable to one another.

36.     Ultimately, having determined the GSCA algorithm offered advantages over the LV-PLS algorithm, in 2010 (more than three years prior to the sale of the company to Answers), ForeSee began to use the GSCA algorithm in its practice of the ACSI model/methodology to estimate customer satisfaction scores for customers.  At that time, ForeSee's non-exclusive trademark sublicense for the ACSI Designations remained in effect and Dr. Fornell was Chairman of the Board of ForeSee.  ForeSee's use of the GSCA algorithm in its practice of the ACSI model/methodology was publicly disclosed, including to customers who sought such information from ForeSee.

37.     From approximately 2010 forward, ForeSee used the GSCA algorithm in applying the ACSI model/methodology.  For example, between 2010 and the Answers' acquisition in December of 2013, ForeSee, as it had previously, would from time to time truthfully describe its methodology as either ACSI methodology or based on ACSI methodology or by words of similar

import.  Despite being aware of ForeSee's evolution from the LV-PLS algorithm to the GSCA algorithm, at no time prior to the December 20, 2013 sale of ForeSee did Dr. Fornell or any of his affiliates raise concerns about:

- ForeSee's use of the GSCA algorithm;

- ForeSee's reference to any ACSI Designation or ACSI model or ACSI methodology in its application of the ACSI model/methodology using the GSCA algorithm; or

- ForeSee's reference to the customer satisfaction scores estimated with the GSCA algorithm as applying the ACSI model/methodology.

38.     Thereafter, in 2012, as its license from the University of Michigan was expiring, ForeSee entered into a Limited Trademark Sublicense Agreement with Dr. Fornell's affiliate, ACSI LLC, for continued use of the ACSI Designations. The term of the ACSI-ForeSee license was ten (10) years, with a right to terminate on four months' notice under the license.  Again, none of Dr. Fornell, ACSI LLC, or any of their affiliates raised any concern about ForeSee's application of the ACSI model/methodology using the GSCA algorithm or ForeSee's use of any ACSI Designations with respect thereto.

39.     In early 2013, while Dr. Fornell was still Chairman of the Board of ForeSee, ForeSee was considering whether it should continue to license the ACSI Designations from ACSI LLC, given ForeSee's increasing brand awareness.  Ultimately, ForeSee determined to move away from the use of the ACSI Designations in order to focus on promoting its own brand.  ForeSee thus decided to terminate its non-exclusive trademark license from ACSI LLC.  That decision was supported by the ForeSee Board of Directors, including Dr. Fornell.

40.     In August of 2013, again while Dr. Fornell was still the Chairman of the Board of ForeSee and while he also owned and controlled ACSI LLC, ForeSee informed ACSI LLC of its decision to terminate its non-exclusive trademark sublicense.  On December 8, 2013, following the four month notice period, ForeSee's non-exclusive trademark sublicense from ACSI LLC automatically terminated.  Thereafter, ForeSee's prior uses of an ACSI Designation continued to be publicly available and certain historical or fair use references to the ACSI model/methodology continued to be made, including during the time period between the December 9, 2013 license termination and the December 20, 2013 Answers Acquisition.

**The December 20, 2013 Sale of ForeSee to Answers**

41.     On December 20, 2013, Answers, a Delaware corporation in the business of providing cloud-based products for the purpose of increasing customer acquisition and brand engagement, acquired ForeSee pursuant to an Agreement and Plan of Merger (the "Answers Acquisition").

42.     The Answers Acquisition was structured as a merger of F Merger Corp., a wholly owned subsidiary of Answers, into ForeSee with ForeSee as the surviving corporation and a wholly owned subsidiary of Answers.  Answers paid more than $200 million for ForeSee.

43.     Of the over $200 million in consideration paid by Answers, upon information and belief, CFI Software — which held 37.82% of ForeSee's equity interests — received over $75 million.  Of that amount, upon information and belief, a significant portion of it flowed upward to Dr. Fornell given his ownership interests in CFI Software.  Upon information and belief, at the time of ForeSee's sale to Answers, Dr. Fornell was the majority owner and controller of CFI Software.  As a result, upon information and belief, Dr. Fornell personally received the majority of the over $75 million that CFI Software received as part of the sale of ForeSee to Answers.

44.    As part of the sale of ForeSee to Answers, CFI Software indemnified ForeSee for breaches of any of the following representations and warranties (among others) in the December 20, 2013 Merger Agreement:

- "[T]he operation of the business of the Company [ForeSee] … as previously conducted, as currently conducted, and as currently contemplated by the Company to be conducted by the Company and its Subsidiaries . . . has not infringed or misappropriated, does not infringe or misappropriate, and will not infringe or misappropriate when conducted by the Surviving Corporation following the Closing, any Intellectual Property Rights of any Person."

- "To the Knowledge of the Company, such operation of the business of the Company and its Subsidiaries has not . . . constituted unfair competition or trade practices pursuant to the Laws of any jurisdiction, and does not, to the Knowledge of the Company, . . . constitute unfair competition or trade practices under the Laws of any jurisdiction."

- "The Company and its Subsidiaries are in material compliance with, and have not breached, violated or defaulted pursuant to, or received notice that it or they have breached, violated or defaulted pursuant to, any of the terms or conditions of any Material Contract . . . ."

- "To the Knowledge of the Company, the Company and its Subsidiaries have complied with all Laws applicable to the Company and its Subsidiaries."

**The December 20, 2013 Joinder and Waiver Agreement**

45.    In addition to the indemnification provided for in the Merger Agreement itself, CFI Software entered into a separate Joinder and Waiver Agreement on December 20, 2013 that provided additional protections to ForeSee designed to ensure that the principal sellers, including CFI Software, would not interfere in its ongoing business operations post-sale.

46.     In the Joinder and Waiver Agreement, in a section titled "General Release," CFI Software on behalf of "itself and each of . . . its agents, … beneficiaries, directors, officers, affiliates . . . successors . . . members and partners (each, a 'Releasor')" "irrevocably and unconditionally" released ForeSee (the "Company") and its "successors" from:

> [A]ny and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages or causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorneys' fees and costs incurred) of any nature whatsoever, known or unknown, suspected or unsuspected, existing or prospective, relating to the Company . . .

47.     In the same "General Release" section, CFI Software — again on behalf of "itself and each of . . . its agents, … beneficiaries, directors, officers, affiliates . . . successors . . . members and partners" — affirmatively:

> [R]epresent[ed] and warrant[ed] that, as of the date hereof, he, she or it has no Claims . . . against the Company [ForeSee], Parent [Answers], or Sub [F Merger Corp.] or any of their respective parent companies, subsidiaries or affiliates, or any of their respective employees, directors, partners, stockholders, officers, agents, attorneys, representatives, predecessors, successors, related entities, assigns or the like . . .

48.     At the time of the Joinder and Waiver Agreement, Dr. Fornell was the Chairman of the Board of ForeSee, and upon information and belief was the majority owner of CFI Software and one of CFI Software's members and managers.  At the time of the Joinder and Waiver Agreement, upon information and belief, Dr. Fornell likewise held a majority equity ownership directly or indirectly in ACSI LLC and CFI Group USA and held other senior management and/or board positions at both entities and was a member of both.  Dr. Fornell, ACSI LLC and CFI Group USA were and are affiliates and agents of CFI Software.  Dr. Fornell was also a director, beneficiary and member of CFI Software at the time of the Joinder and Waiver Agreement.  As noted above, upon information and belief, Dr. Fornell received tens of millions of dollars as a result of Answers' acquisition of ForeSee.

49.    As such, Dr. Fornell, ACSI LLC and CFI Group USA are all bound by the general release and representations in the Joinder and Waiver Agreement, and ForeSee is entitled to enforce the Joinder and Waiver Agreement against each of them in addition to CFI Software.

50.    In sum, CFI Software, Dr. Fornell and their affiliates and agents sold ForeSee fully accepting, acknowledging, and representing that ForeSee would and could continue to operate its business in the way it was doing so at the time of the sale.  Pursuant to the General Release section in the Joinder and Waiver Agreement, among other representations, Dr. Fornell, CFI Software and their affiliates and agents affirmatively represented that ForeSee's business practices did not provide them with any claims against ForeSee and expressly released ForeSee from any such claims.

**The December 2018 Sale of ForeSee to Verint**

51.    For the next five years following the Answers Acquisition, ForeSee continued to operate using the same business practices that it had put in place prior to the Answers Acquisition.

52.    Then, on December 13, 2018, Verint Acquisition LLC acquired all of the stock of ForeSee from Answers in connection with a December 13, 2018 Stock and Interest Purchase Agreement, and ForeSee became a wholly-owned subsidiary of Verint Acquisition LLC.

53.    Following that sale, in early 2019, Verint Americas Inc. and ForeSee Results, Inc. merged, leaving Verint Americas Inc. as the surviving corporation and the successor to ForeSee Results, Inc.  As the successor to Foresee, Verint Americas Inc. is covered by both the representations and release in the General Release section of the Joinder and Waiver Agreement, and entitled to enforce their terms.

**At Dr. Fornell's Direction, CFI Group USA and ACSI LLC Sue ForeSee in the Eastern District of Michigan**

54.     On October 24, 2018, ACSI LLC brought an action against ForeSee in the United States District Court in the Eastern District of Michigan (*American Customer Satisfaction Index, LLC v. ForeSee Results, Inc.*, Case No. 2:18-cv-13319 (E.D. Mich.)) (the "ACSI Litigation").  In the ACSI Litigation, ACSI LLC alleges that ForeSee's business practices, including allegedly improper use of the ACSI Designations and supposedly "false" comparisons of its customer satisfaction scores to previous scores despite their allegedly not being generated using the ACSI methodology because of the use of the GSCA algorithm, represented unfair competition under federal, state and common law.

55.     Similarly, on September 5, 2019, CFI Group USA brought an action against Verint in the United States District Court in the Eastern District of Michigan (*CFI Group USA LLC v. Verint America Inc.*, Case No. 2:19-cv-12602 (E.D. Mich.)) (the "CFI Group Litigation," and collectively with the ACSI Litigation, the "EDMI Litigation") challenging the same business practices and also claiming that they represented unfair competition under federal, state and common law, as well as tortious interference with business expectancy.

56.     Upon information and belief, Dr. Fornell exercised his control of ACSI LLC and CFI Group USA to cause them to file the EDMI Litigation.

57.     The claims in the EDMI Litigation all challenge the same business practices ForeSee had in place at the time of the Joinder and Waiver Agreement and therefore were released by the Joinder and Waiver Agreement.

58.     These claims also all challenge the same business practices ForeSee had in place at the time of the Joinder and Waiver Agreement and therefore also amount to a breach of Defendants' representation that they had no claims against ForeSee.

59.    In effect, Defendants are improperly, and in breach of the Joinder and Waiver Agreement, trying to extract additional money from ForeSee — an entity that they sold on the basis that it was compliant with laws, against whom they had no claims, and for the benefit of whom they released any claims — years after Defendants already extracted over $75 million from ForeSee as part of their sale of ForeSee to Answers.

60.    Defendants' breaches of contract and improper actions have caused damage to ForeSee in the form of ForeSee's costs in litigating the EDMI Litigation and will cause additional damage to ForeSee in the event they are successful in whole or in part in the EDMI Litigation.

**_Qui Tam_ Litigation**

61.    In addition, on information and belief, one or more of the Defendants may have filed _qui tam_ litigation against ForeSee, apparently relying on allegations and claims similar to those in the EDMI Litigation.  Any _qui tam_ litigation remains sealed, however, and so ForeSee is unaware of the details of any such litigation, including the exact identity of any relators.  However, upon information and belief, ForeSee believes an affiliate of Dr. Fornell filed such litigation. ForeSee reserves the right to amend the Complaint to address any such litigation — or any other claims or actions it learns that Defendants or their affiliates are pursuing — when more details become public.

## FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT AGAINST ALL DEFENDANTS)

62.    Plaintiff incorporates by reference and realleges paragraphs 1 through 61 above as though fully restated herein.

63.    As set forth herein, in the Joinder and Waiver Agreement, CFI Software on behalf of itself, its affiliates and agents (including Dr. Fornell, ACSI LLC, and CFI Group USA) and its members, directors and beneficiaries (including Dr. Fornell) specifically represented to ForeSee

and its successors that they had no claims against ForeSee.  Defendants are each and all bound by this representation in the Joinder and Waiver Agreement given that they are affiliates and agents of CFI Software, are all alter egos of Dr. Fornell and CFI Software, participated in the Answers Acquisition and/or received substantial benefits directly or indirectly from the Answers Acquisition.  As a specifically named recipient of the representation, ForeSee is entitled to enforce the representation.

64.     As also set forth herein, in the Joinder and Waiver Agreement, CFI Software on behalf of itself, its affiliates and agents (including ACSI LLC, CFI Group USA LLC, and Dr. Fornell) and its members, directors and beneficiaries (including Dr. Fornell) released ForeSee and its successors from all claims related to ForeSee.  Defendants are each and all bound by this release in the Joinder and Waiver Agreement given that they are affiliates and agents of CFI Software, are all alter egos of Dr. Fornell and CFI Software, participated in the Answers Acquisition and/or received substantial benefits directly or indirectly from the Answers Acquisition.  As a specifically named recipient of the representation, ForeSee is entitled to enforce the release.

65.     In the EDMI Litigation, Defendants have brought claims against ForeSee for unfair competition, tortious interference and other claims challenging business practices that ForeSee was engaged in at the time of the Joinder and Waiver Agreement.  Therefore, by filing the EDMI Litigation, Defendants have now taken the position that they did have claims against ForeSee when they entered into the Joinder and Waiver Agreement in breach of their representations in the Joinder and Waiver Agreement.  Defendants have similarly breached the release provision in the Joinder and Waiver Agreement by filing the EDMI Litigation.

66.     ForeSee has been damaged as a result of Defendants' breaches of their representations and release in the Joinder and Waiver Agreement, given that ForeSee has incurred

substantial costs in defending itself in the EDMI Litigation.  ForeSee has also been damaged because its reputation and goodwill in the industry has been tarnished by the unfounded claims pursued by Defendants in breach of the Joinder and Waiver Agreement.

67.     ForeSee will be damaged further as a result of Defendants' breaches of their representations in the Joinder and Waiver Agreement in the event that Defendants are successful in their claims in the EDMI Litigation.

## SECOND CLAIM FOR RELIEF
### (ALTER EGO LIABILITY FOR DEFENDANTS CLAES FORNELL, CFI GROUP USA LLC AND ACSI LLC)

68.     Plaintiff incorporates by reference and realleges paragraphs 1 through 67 above as though fully restated herein.

69.     In the event that the Court does not hold that Defendants Dr. Fornell, CFI Group USA, and ACSI LLC are bound by the Joinder and Waiver Agreement, each is nonetheless liable for CFI Software's breaches of the Joinder and Waiver Agreement as alter egos of CFI Software.

70.     As the majority owner of the equity of CFI Software, CFI Group USA, and ACSI LLC, Dr. Fornell exercised dominion and control over the other Defendants.

71.     Dr. Fornell has used his dominion and control over the other Defendants unjustly to both (i) sell CFI Software's equity interests in ForeSee for significant sums of money, and (ii) cause CFI Group USA and ACSI LLC to pursue claims against ForeSee in breach of the Joinder and Waiver Agreement.  CFI Software, CFI Group USA and ACSI LLC were not free to act of their independent will, but instead were beholden to Dr. Fornell.  Dr. Fornell, CFI Software, CFI Group USA, and ACSI LLC have all misused the corporate form in a wrongful attempt to extract additional money from ForeSee.

72.     As such, the Defendants are all alter egos of one another, and they are all liable for

CFI Software's breaches of the Joinder and Waiver Agreement.

### THIRD CLAIM FOR RELIEF
**(UNJUST ENRICHMENT AGAINST DEFENDANTS CLAES FORNELL,
CFI GROUP USA LLC AND ACSI LLC)**

73.     Plaintiff incorporates by reference and realleges paragraphs 1 through 72 above as

though fully restated herein.

74.     While the Joinder and Waiver Agreement is binding on Defendants Dr. Fornell,

CFI Group USA LLC and ACSI LLC, in the alternative, to the extent that the Court were to find

that it is not binding on those Defendants, they would each be unjustly enriched in the event that

Defendants are successful on the claims in the EDMI Litigation or any *qui tam* litigation based on

similar claims.

75.     As alleged herein, Dr. Fornell and his affiliates already received substantial benefits

from the Answers Acquisition by allowing their affiliate, CFI Software, to represent on their behalf

that they had no claims against ForeSee and released any claims that they did have against ForeSee.

76.     If Defendants receive further recoveries in the EDMI Litigation or any *qui tam*

litigation by now challenging business practices that their affiliate, on their behalf and with their

knowledge and approval, represented did not create claims or violate the law, Defendants will be

enriched and ForeSee will be impoverished.

77.     Any such recovery by Defendants would not be justified, given CFI Software's

representations on their behalf, with their knowledge, in the Joinder and Waiver Agreement, as

well as their recoveries as a result of selling ForeSee as a company that complied with applicable

law and did not engage in unfair competition.

78.     While, for the reasons set forth above, ForeSee should be able to claim its damages against all Defendants for breach of the Joinder and Waiver Agreement, if not, ForeSee should be able to reclaim any recoveries by Defendants in the EDMI Litigation or the *qui tam* litigation as unjust enrichment.

79.     Allowing Defendants to retain any such recoveries in light of the context would be unconscionable and unjustified.

## FOURTH CLAIM FOR RELIEF
### (FRAUD AGAINST DEFENDANTS CLAES FORNELL AND CFI SOFTWARE)

80.     Plaintiff incorporates by reference and realleges paragraphs 1 through 79 above as though fully restated herein.

81.     In addition to the other claims set forth herein, defendants Dr. Fornell and CFI Software are also liable for fraud.

82.     As set forth herein in paragraph 44, as part of the December 20, 2013 Merger Agreement, ForeSee made express representations and warranties to Answers and ForeSee, and CFI Software indemnified Answers and ForeSee for any breaches of those representations and warranties.  As set forth herein in paragraph 4, Dr. Fornell, as Chairman of the Board of ForeSee, approved ForeSee's entry into the Merger Agreement and communicated that approval to Answers, ForeSee and ForeSee's other shareholders.

83.     Dr. Fornell, as Chairman of the Board and the co-founder of ForeSee, and as a principal stockholder of ForeSee who indemnified it for any breaches of the representations, upon information and belief either knowingly or recklessly confirmed and conveyed the representations to Answers and ForeSee despite being aware of or reckless in not knowing of the business practices that he now (wrongly) asserts violate the law and thus, if Dr. Fornell and his affiliates were right, would render the representations and warranties in the Merger Agreement false.

84.     Moreover, upon information and belief, CFI Software, at Dr. Fornell's direction and with Dr. Fornell's participation, made the representations in the Joinder and Waiver Agreement to ForeSee and Answers despite being aware of or reckless in not knowing of the business practices that they now assert violate the law and claim support claims by Dr. Fornell's affiliates.

85.     Moreover, Dr. Fornell, as Chairman of the Board of ForeSee, approved a December 20, 2013 Information Statement required by the Merger Agreement that was delivered both to stockholders of ForeSee prior to the Answer Acquisition, and also to Answers and ForeSee, in which Dr. Fornell represented that ForeSee has been applying "the ACSI" online "for more than ten years." Upon information and belief, as Chairman of the Board and the co-founder of ForeSee, as of December 20, 2013, Dr. Fornell knew or was reckless in not knowing of the business practices that ForeSee was using at the time and that Dr. Fornell now (wrongly) claims were not compliant with the ACSI methodology and therefore represent unfair competition.

86.     If the claims now (wrongly) being asserted by Defendants have merit, Answers and ForeSee both reasonably relied on Dr. Fornell's and CFI Software's knowingly false representations in both the Merger Agreement and the Joinder and Waiver Agreement in choosing to complete the Answers Acquisition. Had they known that Dr. Fornell and CFI Software truly believed that ForeSee's business practices represented unfair competition or were in some other way unlawful, they would not have engaged in the merger and Answers would not have paid over $200 million for ForeSee. ForeSee could also have taken steps to alter the business practices that Dr. Fornell, CFI Software and their affiliates now challenge. As Chairman of the Board and Founder of ForeSee, Dr. Fornell was well aware that his representations, and CFI Software's representations on his behalf and at his direction, would be relied on by both Answers and ForeSee.

87.     Verint, who acquired ForeSee from Answers, now is the successor-in-interest to Answers' fraud claims against Dr. Fornell and CFI Software and therefore can pursue those claims as if it were Answers.  Verint can also pursue ForeSee's fraud claims against Dr. Fornell and CFI Software in its role as the successor-in-interest to ForeSee.

88.     ForeSee has been damaged by its reliance on Dr. Fornell's and CFI Software's fraud in having to defend against the claims that Dr. Fornell and CFI Software specifically represented did not exist, and will be damaged if contrary to the representations in the Merger Agreement and Joinder and Waiver Agreement the claims in the EDMI Litigation or any *qui tam* litigation are held to have merit.

89.     Given Dr. Fornell's and CFI Software's egregious conduct in attempting to extract money from ForeSee not once, but now at least three times, ForeSee is entitled to punitive damages against them on this claim as well.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

A.     Awarding Plaintiff damages in an amount to be established at or after trial, but not less than the over $2 million that Plaintiff has incurred to date in defending against Defendants' claims in the EDMI Litigation;

B.     Awarding Plaintiff punitive damages against Dr. Fornell and CFI Software with respect to the claims against them for fraud;

C.     Awarding Plaintiff its attorneys' fees, costs, and other expenses incurred in connection with its investigation and prosecution of this action; and

D.     Awarding Plaintiff such other and further relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

_____

Brian P. Egan (#6227)
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
began@morrisnichols.com

OF COUNSEL:

C. Lee Wilson
JONES DAY
250 Vesey Street
New York, NY  10281-1047
(212) 326-3885

May 7, 2021

*Attorneys for Plaintiff*