# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VERINT AMERICAS INC., d/b/a FORESEE    :
RESULTS, INC. and successor-in-interest to    :    **C.A. No. 1:21-cv-00674-LPS**
ForeSee Results, Inc.,    :
   :
                **Plaintiff,**    :
   :
CLAES G. FORNELL, CFI SOFTWARE, LLC, :
CFI GROUP USA, LLC, and AMERICAN    :
CUSTOMER SATISFACTION INDEX, LLC,    :
   :
                **Defendants.**    :

## DEFENDANTS CFI SOFTWARE, LLC, AMERICAN CUSTOMER SATISFACTION INDEX, LLC, CFI GROUP USA, LLC, AND CLAES G. FORNELL'S OPENING BRIEF IN SUPPORT OF THEIR JOINT <u>MOTION TO DISMISS, TRANSFER OR STAY THIS ACTION</u>

**CLARK HILL PLC**

<u>*Margaret M. DiBianca*</u>
Margaret M. DiBianca, Esquire (ID No. 4539)
824 N. Market Street, Ste 710
Wilmington, Delaware 19801
Phone:  (302) 250-4748
*mdibianca@clarkhill.com*

Attorneys for Defendants American Customer Satisfaction
Index, LLC and CFI Group USA, LLC and co-counsel for
Defendants CFI Group USA, LLC and Claes Fornell

**SALMON, RICCHEZZA, SINGER & TURCHI, LLP**

<u>*Sally J. Daugherty*</u>
Justin P. Callaway, Esquire (DE ID #4974)
Sally J. Daugherty, Esquire (DE ID #5473)
222 Delaware Avenue, 11th Floor
Wilmington, Delaware 19801
Phone:  (302) 655-4290
*jcallaway@srstlaw.com*
*sdaugherty@srstlaw.co.*

Dated:  7/12/21

Attorneys for Defendants CFI Group USA. LLC and
Claes Fornell

# I.  <u>TABLE OF CONTENTS</u>

I.     Table of Contents.................................................................................................i

II.    Table of Authorities ..........................................................................................iii

III.   Nature and Stage of the Proceeding...................................................................1

IV.    Summary of the Argument .................................................................................1

V.     Concise Statement of the Facts ..........................................................................2

      A.  The Parties and The Controlling Contracts...........................................2

      B.  The Michigan Litigation and Verint's Motion for Summary Judgment .............4

      C.  Verint's Delaware Lawsuit....................................................................6

VI.    ARGUMENT.......................................................................................................7

      A.  Standard on a Motion to Dismiss...........................................................7

      B.  Verint's Complaint Should be Dismissed in Favor of the Previously
          Filed Michigan Litigation Pursuant to the First-to-File Rule ..............8

          1. The Chronology of Events Favors Dismissal of this Action ...................9

          2. The Similarity of the Parties Favors Dismissal of this Action.................9

          3. The Similarity of the Issues Favors Dismissal of this Action.................10

          4. Equitable Principles Also Favor Dismissal of this Action.......................11

      C.  Verint's Claims Should Be Dismissed Pursuant to Fed. R. Civ. P. 13(a)...........11

      D.  Verint Has Failed to State a Claim for Breach of Contract (Count I)
          as the Relevant Defendants are not Parties to the Joinder and Waiver
          Agreement and the Release Does Not Apply to Future Claims..........................14

      E.  Verint Has Failed to State a Claim for Alter Ego Liability (Count II)
          as Verint has Failed to Allege Sufficient Facts to Support a Veil Piercing
          Claim.............................................................................................17

      F.  Verint Has Failed to State a Claim for Unjust Enrichment (Count III)
          Because Express Written Contracts Cover the Same Subject Matter of
          That Claim .....................................................................................18

i

G.  Verint Has Failed Plead Fraud (Count IV) with Particularity as
Required by Rule 9 and Failed to Plead a Duty Apart from Duties
Imposed by Contract ............................................................................................19

VII.  Conclusion and Relief Requested..................................................................................20

## II. <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

Page

*Abrams v. Koether*, 1992 U.S. Dist. LEXIS 16295 (D. N.J. August 10, 1992)....................19

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................................................7

*Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785 (6th Cir. 2016).........................9, 10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................................7

*Bono v. O'Connor*, 2016 U.S. Dist. LEXIS 67191 (D. N.J. May 23, 2016) ........................7

*Browne v. Robb*, 583 A.2d 949 (Del. 1990) .........................................................................19

*Capano v. Capano*, 2003 WL 22843906 (Del. Ch. Nov. 14, 2003) ......................................17

*Catanella & E.F. Hutton & Co. Sec. Litig., In re*, 583 F. Supp. 1388 (E.D. Pa. 1984).........19

*CMS Inv. Holdings, LLC v. Castle*, 2015 Del. Ch. LEXIS 169 (June 23, 2015)..................15, 19

*Diamond Elec., Inc. v. Del. Solid Waste Auth.*, 1999 Del. Ch. LEXIS 45
(March 15, 1999) .....................................................................................................................20

*Futurewei Techs, Inc. v. Acacia Research Corp.*, 737 F.3d 704 (Fed. Cir. 2013)................8

*GMG Capital Inv. LLC v. Athenian Venture P'rs I, L.P.*, 36 A.3d 776 (Del. 2012)  ...........16

*Gordon v. Kohl's Dep't Stores, Inc.*, 2017 U.S. Dist. LEXIS 123971 (E.D. Pa.
August 7, 2017).........................................................................................................................18

*Gotham P'rs, L.P. v. Hallwood Realty P'rs, L.P.*, 817 A.2d 160 (Del. 2002) .....................15

*Grunstein v. Silva*, 2009 Del. Ch. LEXIS 206 (December 8, 2009).....................................20

*Hallman v. Dover Downs, Inc.*, 1986 WL 535 (D. Del. Dec. 31, 1986)...............................15

*Harber v. Delaware Valley Broadcasters, Inc.*, 743 F. Supp. 1076 (D. Del. 1990).............17

*HH Liquidation, LLC, In re*, 590 B.R. 211 (D. Del. 2018)....................................................17

*Kuroda v. SPJS Hldgs., L.L.C.*, 971 A.2d 872 (Del. Ch. 2009).............................................17

*Liafail, Inc. v. Learning 2000*, 2002 U.S. Dist. LEXIS 22620 (D. Del. November 25, 2002) ..........................................................................................17

*Lorillard Tobacco Co. v. Am. Legacy Found.,* 903 A.2d 728 (Del. 2006) ...........................16

*L.P.P.R., Inc. v. Keller Crescent Corp.*, 2011 U.S. Dist. LEXIS 113584 (E.D. Pa. September 30, 2011) ...........................................................................18, 19

*O'Brien v. Progressive N. Ins. Co.,* 785 A.2d 281 (Del. 2001) ...........................................16

*Oleg Cassini, Inc. v. Serta*, Inc., 2012 WL 844284 (S.D.N.Y. March 13, 2012) ................8

*Merial Ltd. V. Cipla Ltd.*, 681 F.3d 1282 (Fed. Cir. 2012)...................................................8

*QFO Labs, Inc. v. Parrot, Inc.,* 2017 U.S. Dist. LEXIS (D. Minn. May 26, 2017) (Report and Recommendation of Magistrate Judge adopted in full, 2017 U.S. Dist. LEXIS 94609 (D. Minn. June 19, 2017) ...........................................................8

*Sears, Roebuck & Co. v. Sears*, 744 F. Supp. 1297 (D. Del. 1990)......................................17

*Southern Construction Co. v. Pickard,* 371 U.S. 57 (1962) .................................................12

*Transamerica Occidental Life Ins. Co. v. Aviation Office of America, Inc.*, 292 F.3d 384 (3rd Cir. 2014) ...........................................................................12, 13

*UniSuper Ltd. v. News Corp.,* 898 A.2d 344 (Del. Ch. 2006) ..............................................15

*United States v. Pisani*, 646 F.2d 83 (3d Cir. 1981) ............................................................18

*United Sweetener USA, Inc. v. Nutrasweet Co.,* 766 F. Supp. 212 (D. Del. 1991) ..............14

*Xerox Corp. v. SCM Corp.*, 576 F.2d 1057 (3d Cir.1978)....................................................12

*Youkelsone v. Wash. Mut., Inc.*, 2010 Bankr. LEXIS 2453(D. Del. August 13, 2010) .........17

## Rules of Court

Fed. R. Civ. P. 8(c) ..........................................................................................6, 11

Fed. R. Civ. P. 9...........................................................................................19

Fed. R. Civ. P. 12(b)(6)........................................................................................7

Fed. R. Civ. P. 13(a) ...........................................................................*passim*

## **Statutes**

15 U.S.C. §1125 ................................................................................................5

28 U.S.C. §1404(a) ...........................................................................................14

## III.   NATURE AND STAGE OF THE PROCEEDINGS

Verint Americas Inc. ("Verint") filed its Complaint on May 7, 2021.  Defendants jointly move under Fed. R. Civ. P. 12(b)(6) for dismissal of Verint's Complaint for the reasons stated below.

## IV.   SUMMARY OF THE ARGUMENT

1.      This Court should dismiss Verint's Complaint in favor of the previously filed Michigan federal district court actions between the same parties and their privies based on the same transactions and occurrences alleged in Verint's Complaint (the "Michigan Litigation")[1]. Verint's claims mirror the defenses and arguments it has pursued for almost two years and that presently are the subject of Verint's Motion for Summary Judgment in the that Litigation.

2.      Verint's Complaint should be dismissed pursuant to Fed. R. Civ. P. 13(a), as its claims should have been asserted as compulsory counterclaims in the Michigan Litigation.

3.      This Court should dismiss Verint's breach of contract claim as the controlling contract language does not release Verint's future wrongful acts and the relevant Defendants are not parties to the subject contracts.

4.      This Court should dismiss Verint's alter ego claim as Verint did not allege any facts to support corporate veil piercing.

5.      This Court should dismiss Verint's equitable unjust enrichment claim as there are express written contracts covering the same subject matter of Verint's claim.

6.      This Court should dismiss Verint's fraud claim because the only representations that support Verint's fraud claim are within the controlling contracts.

---

[1] *American Customer Satisfaction Index, LLC v. ForeSee Results, Inc.*, Case No. 2:18-cv-13319-GAD-MKM; *CFI Group USA LLC v. Verint Americas Inc., d/b/a ForeSee Results Inc.*, Case No. 2:19-cv-12602. These cases have been consolidated.

## V.    CONCISE STATEMENT OF FACTS

### A.    The Parties and the Controlling Contracts.

Because Verint's claims are closely related to lawsuits currently pending in other districts and involving some but not all of the parties in the instant case, some background regarding those actions is warranted and can be judicially noticed by this Court.  Verint is a Delaware corporation headquartered in Georgia that focuses on selling "customer engagement strategies" to increase its customer's brands.  *Complaint*, D.I. No. 1 at ¶ 11; *See also* verint.com.  In December 2018, Verint acquired the stock of ForeSee Results, Inc. ("ForeSee") from Answers Corporation ("Answers").  D.I. No. 1, at ¶ 11.  Verint and ForeSee merged, leaving Verint as the surviving corporation. Verint continues to do business under the assumed name ForeSee.  *Id.*

ForeSee was founded in 2001 by Defendant CFI Software and others.  *Id.* at ¶ 30.  At that time, ForeSee's primary business purpose was to adapt, market and sell a highly technical customer satisfaction measurement model/methodology known as the "American Customer Satisfaction Index" ("ACSI").  *Id.* at ¶¶ 26 and 30.  The ACSI was developed by Defendant Dr. Claes G. Fornell while he was a professor at the University of Michigan ("UofM").  *Id.* at 26.

On April 4, 2002, ForeSee obtained a ten-year non-exclusive worldwide right to use two ACSI-related trademark designations owned by UofM.  *Id.* at ¶ 33.  In 2008, UofM assigned ForeSee's non-exclusive trademark license to ACSI LLC, a company also founded by Dr. Fornell and others.  ForeSee agreed to and acknowledged the assignment of its trademark license to ACSI LLC.  *Id.* at ¶ 34.  In 2012, as ForeSee's trademark license with ACSI LLC was expiring, ForeSee entered into a Limited Trademark Sublicense Agreement ("Sublicense Agreement") with ACSI LLC for the continued use of the ACSI Designations.  *Id.* at ¶ 38.  The term of the Sublicense Agreement was ten years with a right to terminate on four months' written notice.  *Id.*  In August

2013, ForeSee decided to terminate its Sublicense Agreement, and after providing the appropriate contractual notice, ForeSee's Sublicense Agreement terminated on December 8, 2013. *Id*. at ¶ 40.

On December 20, 2013, Answers acquired ForeSee pursuant to an Agreement and Plan of Merger (the "Merger Agreement"). **Exhibit A**, *Merger Agreement* (*To Be Filed Under Seal*). Where the Merger Agreement refers to "Company," it means solely the Company (ForeSee), and does not include the Company's officers, directors, stockholders, employees, agents, or consultants. Instead, the Merger Agreement only incorporates the various officers, directors, stockholders, employees, agents, representatives, consultants, etc., by specific reference. The language of the Merger Agreement makes clear that it incorporates stockholders, officers, directors, etc. only in relation to specific portions of the Merger Agreement. Despite the fact that the Merger Agreement is cited throughout Verint's current Complaint, Verint did not attach a copy of this controlling document. Defendants will file a complete copy of the Merger Agreement under seal with this Motion pursuant to the Merger Agreement's confidentiality requirements.

Section 2.14(f) of the Merger Agreement expressly provided that, "Section 2.14(f) of the Disclosure Schedule contains a correct and complete list of all Contracts, licenses and agreements pursuant to which a third party has licensed or granted any right to [ForeSee] or one of its Subsidiaries in any Intellectual Property Rights." *See* **Exhibit A**, at p. 35. Section 2.14(f) of the Disclosure Schedule contained the following express representation that the ACSI LLC Sublicense Agreement held by ForeSee had been terminated immediately prior to the Merger Agreement:

Section 2.14(f)

| Subject of Contract | Contracting Party | Date of Contract |
|---|---|---|
| ACSI License | American Customer Satisfaction Index LLC | April 4, 2012 Terminated effective December 8, 2013 |

**Exhibit A**, *Disclosure Schedule to Merger Agreement* at p. 51 (highlight added).

3

Section 5.2(d) of the Merger Agreement also required as a condition of closing that "Company Stockholders and Company Optionholders" execute a Joinder and Waiver Agreement. **Exhibit A** at p. 67. While Verint selectively cited from the Joinder and Waiver Agreement in its Complaint, it failed to attach the agreement, which is attached hereto as **Exhibit B**. The only Defendant in this case that executed the Joinder and Waiver Agreement was CFI Software, one of ForeSee's Stockholders at the time. D.I. No. 1 at ¶ 45. Under Section 4 of the Joinder and Waiver Agreement, it was "[e]ffective for all purposes as of the Effective Time" of December 20, 2013. **Exhibit B** at Section 4. Section 4(a) further provides that "as of the date hereof [December of 2013]," CFI Software had no claims against ForeSee or its successor. *Id.*

### B.    The Michigan Litigation and Verint's Motion for Summary Judgment.

On October 24, 2018, ACSI LLC filed suit against ForeSee in the Eastern District of Michigan, Case No. 2:18-cv-13319-GAD-APP (the "1st Michigan Lawsuit").[2] ACSI LLC brought suit against ForeSee for its continued use of the ACSI trademarks after the termination of its Sublicense Agreement. *See* **Exhibit C**, at Count I, ¶¶ 69-75. ACSI LLC asserted that companies which are not licensed to use the ACSI trademarks may not market their services using those trademarks. *Id.* at ¶¶ 25 – 28. The 1st Michigan Lawsuit seeks both equitable and monetary damages for ForeSee's violations after the date the Sublicense Agreement terminated. *Id.* at p. 14.

ForeSee answered ACSI LLC's Amended Complaint on January 17, 2019 and asserted 17 affirmative defenses, with multiple sub-affirmative defenses. **Exhibit D**, *Answer.* Foresee did **not** plead the affirmative defense of release as required by Fed. R. Civ. P. 8(c). *Id.* On August 12, 2019, ForeSee brought Amended Counterclaims for negligent misrepresentation and innocent

---

[2] While the 1st Michigan Lawsuit began on October 24, 2018, the complaint was subsequently amended on December 27, 2018. A copy of the Amended Complaint is attached as **Exhibit C.**

misrepresentation based upon ACSI LLC's alleged representations that it was the exclusive licensee of the Marks.  *See*, **Exhibit E**, *Amended Counterclaims*.  On February 28, 2020, the court dismissed ForeSee's Amended Counterclaims as untimely under the applicable statute of limitations and because ForeSee, as a licensee itself, could not have reasonably relied on the representation that ACSI LLC was the only licensee of the Mark.  **Exhibit F**, *Opinion dated February 28, 2020*.  ForeSee has not sought leave to amend its Answer or Affirmative Defenses, or to assert additional counterclaims.

On September 5, 2019, CFI Group also filed suit against Verint in the Eastern District of Michigan, Case No. 2:19-cv-12602-GAD-APP (the "2nd Michigan Lawsuit").  **Exhibit G**, *Complaint*.  CFI Group is a sublicensee of the ACSI Designations from ACSI LLC.  *Id*. at ¶ 13.  CFI Group and ForeSee (and at the time of the filing of the 2nd Michigan Lawsuit, Verint) actively compete for government contracts.  *Id*. at ¶ 14.  Since ForeSee terminated its ACSI sublicense with ACSI LLC it had no legal right to use ACSI LLC's marks, name, or claim that its methodology had sponsorship or approval of ACSI LLC or that its methodology had characteristics or qualities associated with the ACSI.  *Id*. at ¶ 16.  Despite having no legal right to do so, ForeSee continued to engage in such marketing and false representations for government contracts.  *Id*. at ¶¶ 23-24.  Those false representations continued from the date of the Merger Agreement through at least 2018.  *Id*. at ¶¶ 16-17.  CFI Group's Complaint in the 2nd Michigan Lawsuit also seeks monetary damages for ForeSee and Verint's unfair competition after the effective date of the Merger Agreement.  *See generally* **Exhibit G**.

On June 29, 2020, Verint filed an Amended Answer and a Counterclaim alleging false advertising against CFI Group under 15 U.S.C. § 1125.  **Exhibit H**, *Amended Answer and Counterclaim*.  Verint's Amended Answer asserts 15 Affirmative Defenses but did **not** allege

release as an Affirmative Defense as required by Fed. R. Civ. P. 8(c).  *See id*.  Verint has **not** sought leave of the Michigan court to amend its Affirmative Defenses or Counterclaims.  The Michigan Lawsuits have now been consolidated for purposes of discovery (but not trial).  Discovery has now closed, the parties have submitted summary judgment briefs, and trial dates have been set.

Verint's lead argument in its Motion for Summary Judgment in the Michigan Litigation is that ACSI LLC and CFI Group (Defendants in this action) as "affiliates" of CFI Software "waived" their right to assert their claims in the Michigan Litigation pursuant to the general release in the Joinder and Waiver Agreement and are therefore barred from bringing the Michigan Litigation. **Exhibit I**, *Verint Motion for Summary Judgment and Brief in Support*, at pp. 1-2 (*To Be Filed Under Seal*).  Verint further argues that ACSI LLC and CFI Group, as "affiliates" of CFI Software, made representations in the Merger Agreement that ForeSee's "business practices did not 'infringe or misappropriate…any Intellectual Property Rights of any person,' or 'constitute unfair competition or trade practices," such that ACSI LLC and CFI Group are further barred from asserting their claims in the Michigan Litigation.  Indeed, Verint's very first "Issue Presented" is:

> 1.    Whether Plaintiffs have waived and released their claims through at least a General Release provided to ForeSee as part of a Joinder and Waiver Agreement?
>
> ForeSee's Answer:  Yes

*Id*. at Brief in Support at p. vii.  The parties to the Michigan Litigation are currently in the process of responding to the various summary judgment motions.

## C.    Verint's Current Delaware Lawsuit.

If the arguments in Verint's Motion for Summary Judgment in the Michigan Litigation ring familiar, that is because its allegations and claims in the current Complaint are the exact same.  In

the instant case, Verint sued two of the named parties in the Michigan Litigation, ACSI LLC and CFI Group, and two non-parties to the Michigan Litigation, Dr. Fornell and CFI Software, based on the exact arguments and defenses that Verint has posited in the Michigan Litigation. The Complaint specifically references breaches of the Merger Agreement and the Joinder and Waiver Agreement as the basis for Verint's current claims and references to the same Merger Agreement representations cited in Verint's Motion for Summary Judgment. D.I. No. 1 at ¶ 4. In fact, the Complaint alleges that this action was filed because the Defendants refused to dismiss the Michigan Litigation. *Id.* at ¶¶ 5, 9.

Defendants now bring this Motion to Dismiss Verint's Complaint to prohibit Verint's forum and venue shopping and to prevent the parties from engaging in yet another duplicitous, costly and untimely lawsuit.

## VI.  ARGUMENT

### A.  Standard on a Motion to Dismiss.

Fed. R. Civ. P. 12(b)(6) provides that a party may file a motion to dismiss where a pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12. When determining a motion to dismiss under Rule 12(b)(6) the courts will generally assume as true the well-pled allegations in the complaint. *Bono v. O'Connor*, 2016 U.S. Dist. LEXIS 67191 (D. N.J. May 23, 2016). However, the court need not accept as true allegations that pertain to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order to survive such a motion, the factual allegations in the complaint "must be enough to raise the right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**B.    Verint's Complaint Should be Dismissed in Favor of the Previously Filed Michigan Litigation Pursuant to the First-to-File Rule.**

This matter should be dismissed pursuant to the "first-filed" or "first-to-file" rule as Verint's causes of action here are the affirmative defenses it raises in the Michigan Litigation which has been pending for more than two years. The "first-filed rule" is a "doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency, that generally favors pursuing only the first filed action when multiple lawsuits involving the same claims are filed in different jurisdictions." *QFO Labs, Inc. v. Parrot, Inc.,* 2017 U.S. Dist. LEXIS (D. Minn. May 27, 2017) (Report and recommendation of Magistrate Judge adopted, 2017 U.S. Dist. LEXIS 94609 (D. Minn. June 19, 2017)), *quoting, Merial Ltd. V. Cipla Ltd.*, 681 F.3d 1282, 1299 (Fed. Cir. 2012). Where "two actions that sufficiently overlap are filed in different federal district courts," the later action should be stayed, dismiss[ed], or transferred to the forum of the first-filed action. *Futurewei Techs, Inc. v. Acacia Research Corp.,* 737 F.3d 704, 708 (Fed. Cir. 2013).

Because the first-filed rule aims to prevent duplicative litigation, it applies only where the actions before both courts involve the same or substantially similar parties and issues. *See Oleg Cassini, Inc. v. Serta*, Inc., No. 11 Civ. 8751(PAE), 2012 WL 844284, at *3 (S.D.N.Y. Mar. 13, 2012) (holding that "[f]or the rule to apply, the 'claims, parties, and available relief' must not 'significantly differ between the actions.' However, the issues need not be identical, and the named parties need not be entirely the same provided that they represent the same interests." (citation omitted)).

In determining whether to enforce the first-to-file rule, Courts should consider three factors as well as the equitable circumstances:

> In order for suits filed in different districts to be duplicative, they must involve "nearly identical parties and issues...." [C]ourts generally evaluate three factors: (1) the chronology of events, (2) the similarity of the parties involved, and (3) the

similarity of the issues or claims at stake. If these three factors support application of the rule, the court must also determine whether any equitable considerations, such as evidence of "inequitable conduct, bad faith, anticipatory suits, [or] forum shopping," merit not applying the first-to-file rule in a particular case.

*Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016) (internal citations omitted).

### 1. The Chronology of Events Favors Dismissal of this Action.

The dates to compare for the chronology factor are when the relevant complaints were filed. *Baatz*, 814 F.3d at 790. Here, both ACSI LLC and CFI Group brought their respective Michigan Lawsuits years before Verint filed the current Delaware case. In the Michigan Litigation, discovery has closed, the parties have submitted summary judgment briefs, and a trial date has been set. In the current case, only initial pleadings have been filed. As such, the chronology heavily favors dismissal of this Delaware action in favor of the Michigan Litigation.

### 2. The Similarity of the Parties Favors Dismissal of this Action.

Verint's Complaint asserts claims against the exact two parties it is litigating against in Michigan – ACSI LLC and CFI Group. Accordingly, this factor heavily weighs in dismissing Verint's Complaint under the first-filed rule for these Defendants. Moreover, "[t]he first-to-file rule applies when the parties in the two actions 'substantial[ly] overlap,' even if they are not perfectly identical." *Baatz,* 814 F.3d at 790. In this current case, Verint alleges that non-parties to the Michigan Litigation – Dr. Fornell and CFI Software – are the "alter egos" of ACSI LLC and CFI Group for purposes of Verint's current claims (D.I. No. 1 at ¶¶ 69-72), and that ACSI LLC and CFI Group are CFI Software's "affiliates," and are therefore bound by the Joinder and Waiver Agreement (D.I. No. 1 at ¶ 63). While Defendants strongly disagree with Verint's bald allegations, Verint's own statements demonstrate that there is acknowledged similarity between the parties in both the Michigan and Delaware lawsuits and at a minimum the parties "substantially overlap."

Thus, even according to Verint, the parties are identical or, at the very least, are in privity. As such, this factor also favors dismissal of this action in favor of Michigan.

### 3. The Similarity of the Issues Favors Dismissal of this Action.

The third factor is the similarity of the issues or claims at stake in both cases. "Just as with the similarity of the parties factor, the issues need only to substantially overlap in order to apply the first-to-file rule." *Baatz*, 814 F.3d at 791. "The issues need not be identical, but they must 'be materially on all fours' and 'have such an identity that a determination in one action leaves little or nothing to be determined in the other.'" *Id*. (internal citation omitted). The third factor is easily met here as all issues raised by Verint in its current Complaint are already issues awaiting adjudication by the Michigan court.

In the Michigan Litigation, ForeSee/Verint's joint Motion for Summary Judgment argues that: (1) ACSI LLC and CFI Group, as affiliates and alter egos of CFI Software, are bound by the release contained in the Joinder and Waiver Agreement; and (2) that ACSI LLC and CFI Group, as affiliates and alter egos of CFI Software, are bound by the representations contained in the Merger Agreement. *See* **Exhibit I**, Motion at pp. 1-2; and Brief in Support at pp. 13-14. The exact same arguments/claims appear in this lawsuit. In its Complaint, Verint alleges that ACSI LLC and CFI Group are bound by the Joinder and Waiver Agreement and are therefore precluded from recovering on their claims in the Michigan Litigation, and that the Merger Agreement further justifies Verint's current claims. (D.I. No. 1 at ¶¶ 44-50). As such, the claims here are on all fours with Verint/ForeSee's defenses in the Michigan Litigation and an adjudication of the issues in either Court will conclusively resolve the relevant matters. Simply stated, the Joinder and Waiver Agreement either does or does not apply to preclude ACSI LLC and CFI Group's claims in the Michigan Litigation. The Michigan federal court should make that determination. And when the

Michigan court does, there will be "little or nothing to be determined by" this Court.  *Smith,* 129

F.3d at 361.

### 4.      *Equitable Principles Also Favor Dismissal of this Action.*

The equities of this matter also strongly favor dismissal of Verint's current Complaint in

favor of the Michigan Litigation.  Critically, Verint failed to plead the mandatory Affirmative

Defense of "release" in any of its Affirmative Defenses in the Michigan Litigation.  Fed. R. Civ.

P. 8(c) requires a party to plead the Affirmative Defense of release in its initial pleading or it is

waived.  Moreover, and despite years to have done so, Verint also failed to bring the current breach

of contract, unjust enrichment and fraud claims against Defendants in the Michigan Litigation,

despite being mandatory affirmative defenses and counterclaims in the Michigan Litigation.  As

will be detailed at length in the following Argument section, Verint's current claims are

compulsory counterclaims that should have been asserted in the Michigan Litigation pursuant to

Fed. R. Civ. P. 13(a).

Verint's current Delaware Complaint is nothing more than a creative attempt to resurrect

Affirmative Defenses it failed to plead in the Michigan Litigation, and compulsory counterclaims

it failed to file in the Michigan Litigation.  When weighing these equities, Verint's gamesmanship

should not be countenanced and its current Complaint should be dismissed in favor of the Michigan

Litigation pursuant to the established first-to-file rule.

### C.      **Verint's Claims Should Be Dismissed Pursuant to Fed. R. Civ. P. 13(a).**

Fed. R. Civ. P. 13(a), which governs "Compulsory Counterclaim[s]," provides that:

> A pleading must state as a counterclaim any claim that--at the time of its service--
> the pleader has against an opposing party if the claim: (A) arises out of the
> transaction or occurrence that is the subject matter of the opposing party's claim;
> and (B) does not require adding another party over whom the court cannot acquire
> jurisdiction.

"The policy underlying this rule is judicial economy." *Transamerica Occidental Life Ins. Co. v. Aviation Office of America, Inc.*, 292 F.3d 384, 389 (3rd Cir. 2014).  The United States Supreme Court has stated that the purpose of Rule 13(a) is "to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters."  *Southern Construction Co. v. Pickard,* 371 U.S. 57, 60 (1962).

The Third Circuit has further clarified that "[f]or a claim to qualify as a compulsory counterclaim, there need not be precise identity of issues and facts between the claim and the counterclaim; rather, the relevant inquiry is whether the counterclaim 'bears a logical relationship to an opposing party's claim.'" *Transamerica*, 292 F.3d at  389, citing, *Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1059 (3d Cir.1978).  The *Transamerica* court further explained the liberality of the compulsory counterclaim rule as follows:

> The concept of a "logical relationship" has been viewed liberally to promote judicial economy. Thus, a logical relationship between claims exists where separate trials on each of the claims would involve a substantial duplication of effort and time by the parties and the courts.  Such a duplication is likely to occur when claims involve the same factual issues, the same factual and legal issues, or are offshoots of the same basic controversy between the parties.

*Id*. at 389-90 (internal citations omitted).

There can be no doubt that Verint's current claims against ACSI LLC and CFI Group for breach of the Merger Agreement and incorporated Joinder and Waiver Agreement which are premised on ACSI LLC and CFI Group filing the Michigan Litigation are certainly compulsory counterclaims.  Indeed, Verint's own Motion for Summary Judgment in the Michigan Litigation asserts as its lead argument that ACSI LLC and CFI Group have released their claims against Verint pursuant to the exact clauses of the Joinder and Wavier Agreement cited in Verint's current Complaint.

The same holds true for Verint's unjust enrichment and alter ego claims against ACSI LLC and CFI Group, which are equally grounded in the Merger Agreement and Joinder and Waiver Agreement raised by Verint as defenses in the Michigan Litigation.  There will be a wasteful duplication of efforts if ACSI LLC and CFI Group are forced to litigate the same contractual clauses and legal issues in multiple district court actions where they are all "offshoots of the same basic controversy between the parties."  *Id*.  Accordingly, Verint's claims against ACSI LLC and CFI Group must be dismissed under Fed. R. Civ. P. 13(a), for Verint's failure to file its current claims as compulsory counterclaims in the Michigan Litigation.

Not only must Verint's claims in this lawsuit against the same parties it is litigating against in the Michigan Litigation be dismissed, but Verint's claims against CFI Software and Dr. Fornell (non-parties to the Michigan Litigation) must also be dismissed as compulsory counterclaims. Indeed, the Third Circuit has interpreted the "opposing party" provision of Rule 13(a) in the same liberal manner in which it has treated the "transaction or occurrence" requirement.  *See Transamerica*, 292 F.3d at 390-91.  After reviewing various holdings from other Circuits addressing this issue, the *Transamerica* court held that parties alleged to be the functional equivalent are opposing parties for the compulsory counterclaim rules:

> In each of these cases, courts interpreted "opposing party" broadly for essentially the same reasons that courts have interpreted "transaction or occurrence" liberally—to give effect to the policy rationale of judicial economy underlying Rule 13. Where parties are functionally equivalent as in *Avemco,* where an unnamed party controlled the litigation, or where, as in *Banco Nacional,* an unnamed party was the alter ego of the named party, they should be treated as opposing parties within the meaning of Rule 13.

*Id*. at 391.

In the current case, Verint interchangeably refers to the various corporate Defendants and Dr. Fornell as "alter egos" of one another, and lumps them together in the various allegations:

> Defendants have brought claims against ForeSee for unfair competition [in the Michigan Litigation]…. Defendants have now taken the position that they did have claims against ForeSee when they entered into the Joinder and Waiver Agreement in breach of their representations in the Joinder and Wavier Agreement. Defendants have similarly breached the release provision in the Joinder and Waiver Agreement by filing the [Michigan Litigation].

D.I. No. 1, at ¶ 65. By lumping the current Defendants together and asserting that they are alter egos of one another (an argument that is unfounded and that Defendants strongly refute), Verint has admitted that for purposes of its claims, CFI Software and Dr. Fornell are the functional equivalents of ACSI LLC and CFI Group. Accordingly, and under controlling Third Circuit precedent, Verint could have and should have included its claims against CFI Software and CFI Group as compulsory counterclaims in the Michigan Litigation, allowing one court the ability to resolve all related claims in one convenient and consistent court action. Accordingly, Verint's current claims should be dismissed pursuant to Rule 13(a)[3].

### D.   Verint Has Failed to State a Claim for Breach of Contract (Count I) as the Relevant Defendants are not Parties to the Joinder and Waiver Agreement and the Release Does Not Apply to Future Claims.

Verint's breach of contract claim is premised on the Joinder and Waiver Agreement and erroneously asserts that Defendants, by filing the Michigan Litigation, have breached the representations in the Joinder and Waiver Agreement that Defendants had no claims against ForeSee/Verint and that they had released any claims against ForeSee/Verint. *See* D.I. No. 1, Count I, pp. 17-19. As Defendants have demonstrated, the Merger Agreement explicitly noted at Section 2.14(f) of the Disclosure Statement, that ForeSee/Verint's right to use the ACSI trademarks under the Sublicense Agreement had terminated as of December 8, 2013. Accordingly,

---

[3] In the alternative, this Court may also stay or dismiss this case within its inherent power to control its docket. *United Sweetener USA, Inc. v. Nutrasweet Co.,* 766 F. Supp. 212, 217 (D. Del. 1991). This Court can also transfer this action to the United States District Court for the Eastern District of Michigan, where the first filed actions are pending in a consolidated action, pursuant to 28 U.S.C. §1404(a) for the convenience of the parties and witnesses and in the interest of justice.

ACSI LLC and CFI Groups' claims in the Michigan Litigation seek to recover for Verint's impermissible conduct that happened **_after_** the Merger Agreement, in which Verint unlawfully continued to use the ACSI trademarks without an appropriate license. *See* **Exhibit A** at Section 2.14(f). Accordingly, Verint's reliance on the release language of the Joinder and Waiver Agreement fails to state a claim.

As an initial matter, it is axiomatic that a non-party to a contract cannot be held to its terms. *CMS Inv. Holdings, LLC v. Castle*, 2015 Del. Ch. LEXIS 169, at *45 (June 23, 2015), *Gotham P'rs, L.P. v. Hallwood Realty P'rs, L.P.*, 817 A.2d 160, 172 (Del. 2002). Defendants ACSI LLC, CFI Group and Dr. Fornell were not parties to either the Merger Agreement or the Joinder and Waiver Agreement and, therefore, cannot credibly be said to have released any claims against Verint. Nor can it be argued that they breached a contract they never signed. Accordingly, Verint's breach of contract action against these Defendants should be dismissed out-of-hand.

Moreover, under Delaware law releases are strictly construed and releases that purport to release future conduct are generally void:

> A release given before liability arises may be void as contrary to public policy. This includes anticipatory releases from liability for injuries to the person of the releasor or to his property or business. 66 Am.Jur.2d Release § 14 (1973). [. . .] The law does not look with favor on provisions which relieve one from liability for his own fault or wrong.

*Hallman v. Dover Downs, Inc.*, No. CIV.A. 85-618 CMW, 1986 WL 535, at *4 (D. Del. Dec. 31, 1986) (footnotes omitted). "The rule in Delaware is that a release cannot apply to future conduct." *UniSuper Ltd. v. News Corp.,* 898 A.2d 344, 348 (Del. Ch. 2006). (disapproving release as overly broad to the extent "it attempts to release claims arising from an event that has not yet happened").

Even if releases of future claims were enforceable, the Joinder and Waiver Agreement does not cover future claims; it applies only to claims that existed at the time of execution. "When

interpreting a contract, the role of a court is to effectuate the parties' intent." *Lorillard Tobacco Co. v. Am. Legacy Found.,* 903 A.2d 728, 739 (Del. 2006). "In upholding the intentions of the parties, a court must construe the agreement as a whole, giving effect to all provisions therein." *GMG Capital Invs., LLC v. Athenian Venture P'rs I L.P.,,* 36 A.3d 776, 779 (Del. 2012). A court "must rely on a reading of all of the pertinent provisions of the [contract] as a whole, and not on any single passage in isolation. *O'Brien v. Progressive N. Ins. Co.,* 785 A.2d 281, 287 (Del. 2001). (footnote omitted).

Defendants ACSI LLC, CFI Group and Dr. Fornell were not parties to the Joinder and Waiver Agreement and its plain language makes clear that Defendant CFI Software was not waiving claims based upon future conduct. Under Section 4 of the Joinder and Waiver Agreement, it was "[e]ffective for all purposes as of the Effective Time" of December 20, 2013. **Exhibit B** at Section 4. Section 4(a) further provides that "as of the date hereof [December of 2013]," CFI Software had no claims against ForeSee or its successor. *Id.* Verint's reliance on this provision is misplaced since neither CFI Group nor ACSI LLC's claims in the Michigan Litigation arise out of ForeSee's pre-closing conduct and because the provision does not release claims arising after the "date hereof" based upon conduct that had not yet occurred.

Section 4(b) releases all claims "known or unknown, suspected or unsuspected, existing or prospective, relating to [ForeSee]." *Id.* at Section 4(b). To avoid any doubt as to its scope, Section 4(d) cautions the Releasors that they are waiving the right to assert the common law principle "that a general release does not extend to claims that the Releasor does not know or suspect **to exist** in his, her or its favor at the time of executing the release [. . .]." It further clarifies that the Joinder and Wavier Agreement applies to claims:

> [. . .] that do now exist, may exist or heretofore have existed with respect to the subject matter of this release. In furtherance of this intention, the releases contained

herein shall be and remain in effect as full and complete general releases notwithstanding the discovery or existence of any such additional or different facts.

*Id.*

Thus, the Joinder and Waiver Agreement release was specifically tailored to release only claims that existed *at the time of execution* and not future claims.  Section 4(d) specifically warns the Releasors that it covers the latter, but it does not cover the former.  Because Section 4(d) is specific it controls the scope of the released claims.  *Capano v. Capano*, No. CIV. A. 19582-NC, 2003 WL 22843906, at *5 (Del. Ch. Nov. 14, 2003).  "This is so because of the reasonable inference that specific provisions express more exactly what the parties intend than broad or general terms."  *Id.* (citations and quotation marks omitted).

### E.    Verint Has Failed to State a Claim for Alter Ego Liability (Count II) as Verint has Failed to Allege Sufficient Facts to Support a Veil Piercing Claim.

"Delaware courts take the corporate form and corporate formalities very seriously because it would upset the contractual expectations of the parties to conflate separate entities."  *In re HH Liquidation, LLC*, 590 B.R. 211, 256 (D. Del. 2018) (internal quotations omitted).  Only under exceptional circumstances will the court ignore the corporate structure.  *Id.*, citing *Sears, Roebuck & Co. v. Sears*, 744 F. Supp. 1297, 1305 (D. Del. 1990).  The courts routinely grant motions to dismiss where the plaintiff has failed to allege facts sufficient to demonstrate a veil piercing theory.  *Youkelsone v. Wash. Mut., Inc.*, 2010 Bankr. LEXIS 2453, at *30 (D. Del. August 13, 2010).

In order to prevail Verint must establish that the parent and subsidiary "operated as a single economic entity."  *Harber v. Delaware Valley Broadcasters, Inc.*, 743 F. Supp. 1076, 1085 (D. Del. 1990).  Verint must also demonstrate that the entity was operated in such a manner as to demonstrate an overall element of injustice or unfairness, and the corporation exists solely as a sham with no purpose other than to act as a vehicle for fraud.  *Liafail, Inc. v. Learning 2000*, 2002 U.S. Dist. LEXIS 22620 (D. Del. November 25, 2002).  To establish a veil piercing/alter ego case,

the party asserting the claim must assert the entity was:  (1) undercapitalized; (2) failed to observe corporate formalities; (3) failed to pay dividends; (4) was insolvent; (5) corporate funds were siphoned by the dominant stockholder; (6) absence of corporate records; and (7) the corporate acted merely as a façade for the operation of the dominant stockholder.  *Id*., at *34-35, *see also United States v. Pisani*, 646 F.2d 83, 88 (3d Cir. 1981).

Despite this demanding precedent underlying claims for corporate veil piercing, the entirety of Verint's allegations in the Complaint are as follows.  Plaintiff alleges that Dr. Fornell and CFI Group are, "nonetheless liable for CFI Software's breaches of the [Waiver] as alter egos of CFI Software." *Id*. at ¶ 69.  They "exercised dominion and control over the other Defendants." *Id*. at ¶ 70.  As to Dr. Fornell specifically Verint alleges that he sold equity interests in ForeSee, caused CFI Group USA to pursue claims against ForeSee, and CFI Software, CFI Group, and ACSI LLC were not free to utilize independent will.

Nowhere in the Complaint does Verint allege that CFI Software was undercapitalized, failed to observe corporate formalities, failed to pay dividends, was insolvent, corporate funds were siphoned, there is an absence of corporate records or that CFI Software existed solely as a façade to the dominant stockholder.  Plaintiff has alleging no facts to support an alter ego/veil piercing claim.  Count II of the Complaint should be dismissed.

### F.	Verint Has Failed to State a Claim for Unjust Enrichment (Count III) Because Express Written Contracts Cover the Same Subject Matter of That Claim.

Unjust enrichments claims are intended to rectify situations in which the parties did not have a formal contract.  *L.P.P.R., Inc. v. Keller Crescent Corp.*, 2011 U.S. Dist. LEXIS 113584, at *14 (E.D. Pa. September 30, 2011).  When an express contract controls the relationship between the parties, a claim for unjust enrichment must be dismissed.  *Gordon v. Kohl's Dep't Stores, Inc.*,

2017 U.S. Dist. LEXIS 123971, at *34 (E.D. Pa. August 7, 2017). *CMS Inv.*, 2015 Del. Ch. LEXIS 169, at *61, citing with approval *Kuroda v. SPJS Hldgs., L.L.C.*, 971 A.2d 872 (Del. Ch. 2009).

Count III in the Complaint asserts that Dr. Fornell, CFI Group, and ACSI LLC were unjustly enriched. The Complaint specifically notes that this unjust enrichment claim is being pled in the alternative. D.I. No. 1, at ¶ 74. While parties are typically allowed to assert alternative theories of liability when the validity of a contract is in dispute, when there is no dispute that a formal contract existed, an unjust enrichment claim must be dismissed. *L.P.P.R.*, 2011 U.S. Dist. LEXIS 113584 at *15-16. In this case and in the Michigan Litigation, there is no dispute that the Merger Agreement and Joinder and Waiver Agreement were valid and enforceable express written contracts that governed the subject matter of those express written agreements. Accordingly, Verint's unjust enrichment claim based on the alleged representations and releases contained in these express contracts bars its claim in equity for unjust enrichment.

### G.      Verint Has Failed Plead Fraud (Count IV) with Particularity as Required by Rule 9 and Failed to Plead a Duty Apart from Duties Imposed by Contract.

Allegations of fraud must be plead with particularity. Fed. R. Civ. P. 9; see also *Abrams v. Koether*, 1992 U.S. Dist. LEXIS 16295, *37 (D. N.J. August 10, 1992); *Browne v. Robb*, 583 A.2d 949, 955 (Del. 1990). At a minimum, particularity requires pleading time, place and content of the fraud. *Id.*; *In re Catanella & E.F. Hutton & Co., Sec. Litig.*, 583 F. Supp. 1388, 1398 (E.D. Pa. 1984). If the fraud claim is based on representations found in a contract, plaintiff must sue in contract and not tort. *Abrams*, 1992 U.S. Dist. LEXIS 16295 at *17-18. The law will not permit a plaintiff to "bootstrap" a claim of breach of contract with a fraud claim simply by alleging the contracting party never intended to perform their obligations. *Id.*, at *18. "Couching an alleged failure to comply with an agreement as a failure to disclose an intention to take certain actions arguably inconsistent with that agreement is exactly the type of bootstrapping [the courts] will not

entertain." *Grunstein v. Silva*, 2009 Del. Ch. LEXIS 206, \*43 (December 8, 2009), citing *Diamond Elec., Inc. v. Del. Solid Waste Auth.*, 1999 Del. Ch. LEXIS 45, \*7 (March 15, 1999).

Plaintiff's entire fraud claim is premised solely on the Merger Agreement, Joinder and Waiver Agreement and an Information Statement incorporated into the Merger Agreement. D.I. No. 1, at ¶¶ 44, 82, 84-85. Verint alleges that the false representations in the Merger Agreement and Joinder and Waiver Agreement induced ForeSee to complete the December 20, 2013, merger. *Id.* at ¶ 86. Nowhere in the Complaint is there an allegation that Dr. Fornell and/or CFI Software made any representations outside the terms of the controlling contracts. A party cannot restyle a breach of contract claim as fraud where the only facts underlying both claims stem from the terms of a written agreement. This is the very definition of bootstrapping which the courts will regularly strike from a pleading. As Verint has failed to allege an independent basis to assert a fraud claim, Count IV of the Complaint should also be dismissed.

## VII.   CONCLUSION AND RELIEF REQUESTED

Verint's Complaint should be dismissed pursuant to the federal first-to-file rule and the compulsory counterclaim rule in favor of the previously filed and pending Michigan Litigation. In the alternative, this action should be stayed or transferred to the United States District Court for the Eastern District of Michigan. Verint's Complaint also fails to state a valid claim under controlling Delaware law and each of Verint's Counts should be dismissed.