IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VERINT AMERICAS INC., d/b/a )
FORESEE RESULTS, INC. and successor- )
in-interest to ForeSee Results, Inc., )
                                       )
        Plaintiff,            )
                                       )
    v.                              )     Civil Action No. 21-674-LPS-SRF
                                       )
CLAES G. FORNELL, CFI SOFTWARE, )
LLC, CFI GROUP USA, LLC, and )
AMERICAN CUSTOMER )
SATISFACTION INDEX, LLC, )
                                       )
        Defendants.     )

**REPORT AND RECOMMENDATION**

### I. INTRODUCTION

Presently before the court in this civil action is the motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by defendants American Customer Satisfaction Index, LLC ("ACSI LLC"); CFI Group USA, LLC ("CFI Group USA"); CFI Software, LLC ("CFI Software"); and Claes G. Fornell ("Dr. Fornell;" collectively, "Defendants").[1] (D.I. 14) For the following reasons, I recommend that the court GRANT-IN-PART Defendants' motion and stay this action pursuant to the first-to-file rule.

### II. BACKGROUND

Plaintiff Verint Americas Inc. ("Plaintiff" or "Verint"), the successor-in-interest to ForeSee Results, Inc. ("ForeSee"), initiated this action on May 7, 2021, asserting causes of action for breach of contract against all Defendants (Count I); alter ego liability (Count II) and

---

[1] The briefing associated with the pending motion to dismiss pursuant to Rule 12(b)(6) is found at D.I. 15, D.I. 21, and D.I. 22.

unjust enrichment (Count III) against Dr. Fornell, CFI Group USA, and ACSI LLC; and fraud against Dr. Fornell and CFI Software (Count IV). (D.I. 1) The complaint alleges that Dr. Fornell researched and developed customer satisfaction measurement approaches, including the American Customer Satisfaction Index ("ACSI"), and subsequently founded CFI Group USA, CFI Software, and ForeSee in 2001 with the goal of adapting the ACSI methodology to digital environments. (D.I. 1 at ¶¶ 2, 26, 29-30)

In April 2002, ForeSee obtained a ten-year non-exclusive license to use two ACSI-related designations that were owned by the University of Michigan, where Dr. Fornell worked as a professor. (D.I. 1 at ¶¶ 26, 33) But when Dr. Fornell founded ACSI LLC in 2008, the University of Michigan assigned ForeSee's non-exclusive license to ACSI LLC with ForeSee's consent. (*Id.* at ¶¶ 31, 34) Beginning in 2010, ForeSee started to use an improved component-based statistical algorithm known as a Generalized Structured Component Analysis algorithm ("GSCA algorithm") in its practice of the ACSI methodology. (*Id.* at ¶¶ 35-37)

When ForeSee's license with the University of Michigan was set to expire in 2012, ForeSee executed a ten-year Limited Trademark Sublicense Agreement ("Sublicense Agreement") with ACSI LLC for continued use of the ACSI designations. (D.I. 1 at ¶ 38) The Sublicense Agreement included a right to terminate the license on four months' notice. (*Id.*) Pursuant to the terms of the Sublicense Agreement, ForeSee notified ACSI LLC of its intention to terminate in August 2013, and the Sublicense Agreement was automatically terminated on December 8, 2013. (*Id.* at ¶ 40)

On December 20, 2013, ForeSee was acquired by Answers Corporation ("Answers"), a business providing cloud-based products to increase brand engagement, pursuant to an Agreement and Plan of Merger (the "Merger Agreement") in which Answers paid more than

$200 million to acquire ForeSee. (D.I. 1 at ¶ 41; D.I. 14, Ex. A) ForeSee was the surviving corporation and a wholly owned subsidiary of Answers. (D.I. 1 at ¶ 42) On the same day, CFI Software and Answers executed a Joinder and Waiver Agreement which contained a General Release preventing CFI Software and its "agents, trustees, beneficiaries, directors, officers, affiliates, subsidiaries, estate, successors, assigns, members and partners" from asserting claims against ForeSee that could interfere in its ongoing business operations after the merger. (D.I. 1 at ¶ 45; D.I. 14, Ex. B at ¶ 4) At the time of the Merger Agreement and the Joinder and Waiver Agreement, Dr. Fornell was the majority owner and controller of CFI Software, he served as Chairman of the Board of ForeSee, and he held a majority equity ownership and senior management or board positions in ACSI LLC and CFI Group USA. (D.I. 1 at ¶¶ 43, 48) The complaint describes ACSI LLC and CFI Group USA as "affiliates, agents and alter egos of Dr. Fornell and CFI Software." (*Id.* at ¶ 5)

On October 24, 2018, ACSI LLC sued ForeSee for trademark infringement and unfair competition in the Eastern District of Michigan, alleging that ForeSee improperly used the ACSI designations after the termination of the Sublicense Agreement in December 2013. (D.I. 1 at ¶ 54; D.I. 14, Ex. C at ¶¶ 55-60) Specifically, ACSI LLC accused ForeSee of continuing to use the ACSI name and marks in its advertising and promotional materials, failing to inform its customers that it was no longer applying ACSI methodology, using the ACSI name in its own products, comparing its customer satisfaction scores and methodology to ACSI scores and methodology, and falsely promoting its survey results as using ACSI methodology. (D.I. 14, Ex. C at ¶¶ 56-60)

Verint acquired ForeSee's stock from Answers in December 2018. (D.I. 1 at ¶¶ 11, 52) Verint and ForeSee then merged, leaving Verint as the surviving corporation and successor to

ForeSee. (*Id.* at ¶¶ 11, 53) Following the merger, CFI Group USA brought an action against Verint in the Eastern District of Michigan in September 2019. (D.I. 14, Ex. G) As a sublicensee of the ACSI designations, CFI Group USA challenged the same business practices identified by ACSI LLC in the litigation against ForeSee.[2] (D.I. 1 at ¶ 55)

When Verint initiated this action in May 2021, it alleged that Defendants breached the terms of the Joinder and Waiver Agreement by filing the Michigan Lawsuits after releasing ForeSee and its successors from all claims related to ForeSee. (D.I. 1 at ¶¶ 56-57, 63-64) Although CFI Software is the only Defendant who was a party to the Joinder and Waiver Agreement, the complaint alleges that Dr. Fornell, CFI Group USA, and ACSI LLC are liable for breaches of the Joinder and Waiver Agreement as affiliates or alter egos of CFI Software. (*Id.* at ¶¶ 64, 69-71)

A month after the complaint in this action was filed, ForeSee and Verint jointly moved for summary judgment against ACSI LLC and CFI Group USA in the Michigan Lawsuits. (D.I. 14, Ex. I) The arguments raised in the summary judgment briefing correspond with the causes of action alleged in the complaint in this case. Among other things, the motion for summary judgment alleges that ACSI LLC and CFI Group USA waived their claims in the Michigan Lawsuits as affiliates of CFI Software, a party to the Joinder and Waiver Agreement that released all claims relating to ForeSee. (*Id.* at 1-2) A hearing on the motion for summary judgment is

---

[2] The lawsuit brought by ACSI LLC against ForeSee and the lawsuit brought by CFI Group USA against Verint in the Eastern District of Michigan are collectively referred to herein as the "Michigan Lawsuits." Defendants attach pleadings and a motion for summary judgment filed in the Michigan Lawsuits to their motion to dismiss in the instant litigation. (D.I. 14, Exs. C-I) Verint does not object to the court's consideration of these exhibits, confirming that "a court may consider 'matters of public record' and 'undisputedly authentic documents'" in deciding a motion to dismiss. (D.I. 21 at 15 n.3) (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).

scheduled to go forward on November 15, 2021. (E.D. Mich. C.A. No. 2:18-13319-GAD-APP, D.I. 140)

In July 2021, Defendants moved to dismiss the complaint in this action for failure to state a claim or, alternatively, to stay the matter or transfer it to the Eastern District of Michigan. (D.I. 14) On October 8, 2021, this case was referred to the undersigned judicial officer to hear and resolve all pretrial matters, up to and including the resolution of case-dispositive motions. (D.I. 24) The court heard oral argument on the pending motion on November 4, 2021. Defendants' motion to dismiss is now ripe for resolution by the court.

## III. LEGAL STANDARD

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790-91 (3d Cir. 2016).

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal citations and quotation marks omitted). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

## IV. DISCUSSION

Defendants contend that this case should be dismissed, stayed, or transferred in accordance with the first-to-file rule, which serves the interests of comity and judicial efficiency by providing that, "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941); *EEOC v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988). There is no dispute that the Michigan Lawsuits were both filed before the instant action.

Verint briefly argues that the first-to-file rule does not apply because the claims in this litigation are not sufficiently analogous to those at issue in the Michigan Lawsuits. (D.I. 21 at 10-11) A comparison of the pleaded allegations in the Michigan Lawsuits and in this court confirms that the Michigan Lawsuits involve fewer Defendants and no contract-based causes of action. (D.I. 1; D.I. 14, Exs. C & G) But complete identity of parties,[3] claims, and issues is not

---

[3] Verint mentions that the actions pending in each venue lack identity because this case "involves two additional defendants who are not parties" to the Michigan Lawsuits. (D.I. 21 at 11) The four Defendants in this action include ACSI LLC and CFI Group USA, which are plaintiffs in the Michigan Lawsuits. Verint's position regarding a lack of identity among the parties in each venue is belied by its own complaint in this action, which alleges that Dr. Fornell founded ACSI LLC and CFI Group USA, he was the majority owner and controller of CFI Software, and he

6

required for application of the first-to-file rule if there is "substantial overlap among the parties and issues involved." *Bank of Am. v. S.I.P. Assets, LLC*, C.A. No. 07-159-GMS, 2007 WL 2698192, at *4 (D. Del. Sept. 11, 2007); *see Phoenix Ins. Co. Ltd. v. Teva Pharm. Indus. Ltd.*, 381 F. Supp. 3d 416, 419-20 (E.D. Pa. 2019) (applying a "more flexible approach" to the degree of similarity required for application of the first-filed rule and rejecting the notion that the first-filed rule is "limited to mirror image cases where the parties and the issues perfectly align.").

Although the causes of action raised in each venue present distinct legal theories, they are linked by the same factual underpinnings. Specifically, ACSI LLC and CFI Group USA brought trademark infringement and unfair competition claims in the Michigan Lawsuits based on allegations that ForeSee continued to use the ACSI marks after its sublicense was terminated on December 8, 2013. (D.I. 14, Ex. C at ¶¶ 43-62) These facts also form the basis for Verint's breach of contract claims because CFI Software executed a general release of all claims against ForeSee after ForeSee's sublicense was terminated and ForeSee allegedly continued using the ACSI mark. (D.I. 1 at ¶¶ 4-6) Despite the execution of the general release of all claims in the Joinder and Waiver Agreement, Defendants initiated the Michigan Lawsuits years later. (*Id.* at ¶¶ 63-67) Verint's focus on the Joinder and Waiver Agreement in its motion for summary judgment in the Michigan Lawsuits confirms that resolution of the contract-based issues in Verint's favor would likely dispose of the infringement and unfair competition claims in the Michigan Lawsuits. (D.I. 14, Ex. I at 13-24) Consequently, the policy goals of the first-to-file rule would be well-served by allowing the case to proceed in the Eastern District of Michigan. *See E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 977 (3d Cir. 1988), *aff'd*, 493 U.S. 182 (1990) (explaining that the purpose of the first-to-file rule is "to avoid burdening the federal judiciary

---

caused ACSI LLC and CFI Group USA to file the Michigan Lawsuits. (D.I. 1 at ¶¶ 29, 31, 43, 48-49, 56)

and to prevent the judicial embarrassment of conflicting judgments."); *see also Wilson Wolf Mfg. Corp. v. Brammer Bio, LLC*, C.A. No. 19-2315-RGA, D.I. 22 (D. Del. Dec. 8, 2020) (staying case pursuant to first-filed rule to achieve "simplification and reduction of duplicative effort" where first-filed court had substantial experience with the parties and subject matter).

Verint also alleges that an exception to the first-to-file rule applies because the mandatory forum selection clause in the Joinder and Waiver Agreement gives Delaware courts exclusive jurisdiction over claims arising from it. (D.I. 21 at 8-10) "The presence of a valid forum selection clause may serve as an 'extraordinary circumstance' that would justify a departure from the first-filed rule." *See Samuel T. Freeman & Co. v. Hiam*, 2012 WL 2120474, at *7 (E.D. Pa. June 11, 2012). The Joinder and Waiver Agreement provides that "[e]ach of the parties hereto[4] irrevocably submits to the exclusive jurisdiction of the courts of the State of Delaware... and the United States District Court for the District of Delaware for the purpose of any suit, action, proceeding or judgment relating to or arising out of this Agreement and the transactions contemplated hereby." (D.I. 14, Ex. B at ¶ 5(g))

Defendants do not argue that the forum selection clause in the Joinder and Waiver Agreement is invalid. Instead, Defendants suggest that Verint waived reliance on the forum selection clause by actively litigating the Michigan Lawsuits for about two years before seeking to enforce the forum selection clause. (D.I. 22 at 2-4) Courts have held that a forum selection clause may be deemed waived "where the party invoking it has taken actions inconsistent with it, or delayed its enforcement, and other parties would be prejudiced." *Wachovia Bank Nat'l Ass'n v. EnCap Golf Holdings, LLC*, 690 F. Supp. 2d 311, 328 (S.D.N.Y. 2010) (citations omitted). The inquiry is fact-specific, and "there is no bright-line rule for determining whether waiver has

---

[4] The parties to the Joinder and Waiver Agreement are Answers and CFI Software. (D.I. 14, Ex. B at FORESEE_0374281-83)

or has not occurred." *Id.* (citing *Krape v. PDK Labs Inc.*, 194 F.R.D. 82, 86 (S.D.N.Y. 1999)). The record before the court shows that Verint took actions inconsistent with the forum selection clause, and Defendants would be prejudiced by enforcement of the forum selection clause at this late stage of the Michigan Lawsuits.

Courts have declined to enforce forum selection clauses where, as here, those clauses were not asserted in a motion to dismiss or as an affirmative defense in a pleading. *See Elias v. Gettry Marcus CPA, P.C.*, 2019 WL 10947069, at *3 (S.D.N.Y. Mar. 8, 2019) (finding that defendants "failed to preserve their proclaimed contractual rights under the . . . mandatory forum selection clause by not stating that the complaint should be dismissed for lack of jurisdiction."). In this case, Verint and ForeSee affirmatively moved for summary judgment in the Michigan Lawsuits and asserted contract-based defenses in their motion practice after declining to raise any contractual defenses or issues pertaining to venue at the pleadings stage. (D.I. 14, Exs. D, E, H, I) Verint attempts to explain this delay by suggesting that it did not understand the relationships among Defendants, the continuous nature of Defendants' business practices, and the significance of the Joinder and Waiver Agreement until fact discovery in the Michigan Lawsuits. (D.I. 25 at 25:24-26:16, 32:14-20) This explanation is implausible because the relationships among Defendants are readily ascertainable from publicly available sources.[5] Moreover, ForeSee is a party to the Joinder and Waiver Agreement and cannot plausibly deny awareness of its terms. (D.I. 14, Ex. B; *see also* D.I. 25 at 30:17-22 (Verint's counsel representing that "ForeSee negotiated for a Delaware forum. . . . There is a reason why we want

---

[5] The Michigan Lawsuits were brought by CFI Group USA and ACSI LLC. (D.I. 14, Exs. C, G) Although neither of these entities was a signatory to the Joinder and Waiver Agreement, a cursory review of their websites confirms that they are associated with and founded by Dr. Fornell, and that "CFI" stands for "Claes Fornell International." *See* https://cfigroup.com; https://www.theacsi.org/ (last visited November 9, 2021).

to be in Delaware.")). Verint's failure to assert the forum selection clause during the first several months of the Michigan Lawsuits, combined with its affirmative conduct in asserting contract-based arguments in its summary judgment motion, support a finding that Verint waived its contractual rights under the forum selection clause of the Joinder and Waiver Agreement. *See Am. Int'l Grp. Europe S.A. v. Franco Vago Int'l, Inc.*, 756 F. Supp. 2d 369, 380 (S.D.N.Y. 2010) (finding waiver where the defendant failed to assert the forum selection clause for nearly a year before raising it for the first time in its opposition to the plaintiff's motion for summary judgment).

Having determined that the forum selection clause in the Joinder and Waiver Agreement does not provide a viable exception to the first-to-file rule, I recommend that the court apply the rule and stay this action until resolution of case dispositive motions in the Michigan Lawsuits. A primary goal of the first-to-file rule is to avoid the risk of inconsistent rulings. *See Cellectis S.A. v. Precision Biosciences, Inc.*, 881 F. Supp. 2d 609, 613 (D. Del. 2012). The complaint's allegations regarding the applicability of the general release in the Joinder and Waiver Agreement in this action are also pending before the Eastern District of Michigan on Verint's motion for summary judgment. (D.I. 1; D.I. 14, Ex. I at 13-24) Specifically, Verint argues in both venues that Defendants' claims in the Michigan Lawsuits were brought in violation of the Joinder and Waiver Agreement, and Defendants respond that Verint waived its right to invoke the general release provision of the Joinder and Waiver Agreement by failing to plead it as an affirmative defense in the Michigan Lawsuits. (E.D. Mich. C.A. No. 2:18-13319-GAD-APP, D.I. 127 at 1-7; D.I. 1; D.I. 14, Ex. I at 13-24; D.I. 22) Thus, staying this action until resolution of case dispositive motions in the Michigan Lawsuits will avoid the risk of inconsistent rulings regarding the applicability of the general release provision of the Joinder and Waiver Agreement.

*See Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 216-17 (3d Cir. 2016) ("When a district court decides to apply the first-filed rule, it then faces the discretionary choice whether to stay the second-filed action, transfer it, dismiss it *without* prejudice, or dismiss it *with* prejudice, thereby permanently terminating the case.").

The three factors generally considered on a motion to stay also weigh in favor of granting Defendants' alternative request for a stay. Courts consider: (1) whether a stay will simplify the issues for trial; (2) the status of the litigation; and (3) whether a stay would cause the non-movant to suffer undue prejudice from the delay or allow the movant to gain a clear tactical advantage. *See Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, C.A. No. 15-1168-LPS, 2021 WL 616992, at *2 (D. Del. Feb. 17, 2021). A stay is likely to simplify the issues for trial because a ruling on summary judgment in the Michigan Lawsuits may dispose of the contractual issues before the court in this action. Moreover, the status of the litigation weighs in favor of a stay because this case remains at the pleadings stage, no scheduling order has been entered, and discovery has not yet begun. Finally, Verint will not suffer undue prejudice from the delay because the contractual issues in this case are currently pending before the Eastern District of Michigan on a fully briefed motion for summary judgment, with oral argument scheduled on November 15, 2021.

I recommend that the court deny Defendants' motion to dismiss this action. In *Chavez*, the Third Circuit cautioned that, "in the vast majority of cases, a court exercising its discretion under the first-filed rule should stay or transfer a second-filed suit. Even a dismissal *without prejudice* may create unanticipated problems. A dismissal *with prejudice* will almost always be an abuse of discretion." *Chavez*, 836 F.3d at 220-21. Dismissal without prejudice could give rise to unintended consequences in this case. Verint's breach of contract claims identify the filing of the Michigan Lawsuits in October 2018 and September 2019 as the alleged breach of

the Joinder and Waiver Agreement. (D.I. 1 at ¶ 65) Paragraph 5(g) represents that Delaware law governs the Joinder and Waiver Agreement (D.I. 14, Ex. B at ¶ 5(g)), and the statute of limitations for a cause of action for breach of contract under Delaware law is three years, 10 *Del. C.* § 8106(a). Because dismissal of this second-filed suit could "have the effect of putting the plaintiffs entirely out of court," dismissal is not appropriate here. *Chavez*, 836 F.3d at 217.

In addition, transferring the action to the Eastern District of Michigan at this stage of the Michigan Lawsuits would not serve the interests of judicial efficiency. Verint's arguments and Defendants' responses regarding the effect of the general release provision of the Joinder and Waiver Agreement are currently pending before the Eastern District of Michigan in the briefing on the motion for summary judgment. (D.I. 14, Ex. I; E.D. Mich. C.A. No. 2:18-13319-GAD-APP, D.I. 127) The motion for summary judgment has been pending in the Eastern District of Michigan since June 2021, and oral argument on the motion is scheduled for November 15, 2021. (D.I. 14, Ex. I; E.D. Mich. C.A. No. 2:18-13319-GAD-APP, D.I. 140) Adding new contract-based claims to the Michigan Lawsuits at this stage makes little sense when the issues raised by those claims may be resolved on summary judgment. Consequently, I recommend that the court deny Defendants' alternative request to transfer this action to the Eastern District of Michigan.

## V. CONCLUSION

For the foregoing reasons, I recommend that the court GRANT-IN-PART Defendants' motion. (D.I. 14) Specifically, I recommend that the court GRANT Defendants' motion to stay this action and administratively close the case pending resolution of case dispositive motions in the Michigan Lawsuits, and I recommend that the court DENY Defendants' motion to dismiss

and motion to transfer.[6] I further recommend that the court order the parties to submit a joint status report in this matter within ten (10) days of the resolution of case dispositive motions in the Michigan Lawsuits.

Given that the court has relied upon material that technically remains under seal,[7] the court is releasing this Report and Recommendation under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Report and Recommendation should be redacted, the parties shall jointly submit a proposed redacted version by no later than **November 16, 2021**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig., 924 F.3d 662, 672 (3d Cir. 2019) (quoting Miller v. Ind. Hosp., 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within thirty (30) days of the date the Report and Recommendation issued.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.

---

[6] By way of this recommendation, I further recommend that the court terminate the motion to dismiss filed at D.I. 20, which appears to be a redacted version of the pending motion to dismiss at D.I. 14 that was filed using the wrong event code.

[7] Although the briefing on the pending motion was not filed under seal, the court has referred to the parties' summary judgment briefing filed in the Eastern District of Michigan. The docket in this matter indicates that the briefing on Verint's motion for summary judgment in the Michigan Lawsuits is confidential and it was filed it under seal in this matter. (D.I. 14, Ex. I) The court confines any proposed redactions to the sealed exhibits from the Michigan Lawsuits. The parties are not permitted to propose redactions of material publicly filed.

Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

    The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: November 10, 2021

                                              Sherry R. Fallon
                                              UNITED STATES MAGISTRATE JUDGE