IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VERINT AMERICAS INC., *and*
*successor-in-interest to ForeSee Results,*
*Inc. doing business as* ForeSee Results,
Inc.

    *Plaintiff,*

    v.                               No. 1:21-cv-00674-SB-SRF

CLAES G. FORNELL; CFI
SOFTWARE, LLC; CFI GROUP USA,
LLC; AMERICAN CUSTOMER
SATISFACTION INDEX, LLC

    *Defendants.*

---

Brian P. Egan, Morris, Nichols, Arsht & Tunnell LLP, Wilmington, DE.

*Counsel for Plaintiff.*

Margaret M. DiBianca, Jay M. Berger, K.J. Edward Fornell, William D. Cramer, Clark Hill PLC, Wilmington, DE; Sally J. Daugherty, Salmon, Ricchezza, Singer & Turchi, LLP, Wilmington, DE.

*Counsel for Defendants.*

---

**MEMORANDUM OPINION**

September 6, 2022

BIBAS, *Circuit Judge*, sitting by designation.

Two companies sued a third in Michigan. But the third thought those Michigan suits were barred by an earlier agreement. So it sued the first two companies here in Delaware to enforce that agreement. Now, the first two companies (Defendants here) ask me to dismiss, transfer, or stay the case. They say that because the issues in this case were brought in Michigan first, that court should decide them. And, they say, there are more reasons to dismiss.

A magistrate judge agreed that I should defer to the Michigan litigation. So she recommended that I grant the motion to stay and deny the motion to dismiss while summary judgment motions were pending in Michigan. The Michigan court ruled on the motions while the magistrate's recommendations were pending, so those recommendations are now moot. So I refer the case back to the magistrate judge to consider the rest of Defendants' motion to dismiss.

## I. BACKGROUND

Decades ago, Dr. Claes Fornell invented a new way to measure customer satisfaction: the American Customer Satisfaction Index. D.I. 1 ¶ 26. To cash in on it, he created four companies. *Id.* ¶ 12.

In 2013, Fornell sold one of those companies, ForeSee Results, Inc. D.I. 1 ¶ 3. As part of that deal, another of those companies promised on behalf of itself and its "agents … [and] affiliates" never to sue ForeSee for certain claims. D.I. 21, at 5–6. Litigation ensued anyway.

The first clashes came in Michigan. There, ForeSee was sued by two of the Fornell companies that had never signed a don't-sue contract. By the time of the second suit,

ForeSee had merged with another company and become Verint Americas Inc. Both lawsuits claimed that Verint was competing unfairly.

Verint cried foul and sued four parties in Delaware. First, it sued the two non-signatories that had sued it in Michigan. Those companies, it says, were barred from suing by the 2013 agreement. The don't-sue agreement bound them because they count as the signing company's "agents" or "affiliates." And even if they were not bound, they had still unjustly enriched themselves. Plus, Verint sued Fornell and the signing company for breach of contract and for fraud.

The Delaware defendants moved to dismiss, stay, or transfer. D.I. 14, 15. They point to the first-filed rule, which gives "priority" to the first lawsuit when "duplicative lawsuits are filed successively in two different federal courts." *Chavez v. Dole Food Co.* 836 F.3d 205, 210 (3d Cir. 2016).

Magistrate Judge Fallon reviewed Defendants' motions. She reasoned that the first-filed rule applies, so she recommended that I stay this case until the Michigan court decided summary judgment. D.I. 26, at 10–11. She also recommended that I deny the motions to dismiss and transfer. *Id.* at 11–12.

Verint objected to those recommendations on three grounds: (1) the first-filed rule does not apply in this case; (2) even if it did, the don't-sue contract's forum-selection clause bars it; and (3) this case should not be stayed. D.I. 28, at 1. I take each in turn.

## II. I AGREE WITH VERINT AND REFER THE CASE BACK

Before jumping in, I must decide whether to defer to Magistrate Judge Fallon's first-filed-rule finding. She relied on that rule to decide the non-dispositive motion to

3

stay. And because I review non-dispositive findings deferentially, Defendants argue that I should do so here. D.I 29, at 2; 28 U.S.C. § 636(b)(1)(A).

I disagree. Judge Fallon also relied on the first-filed rule to decide Defendants' motion to dismiss. And that motion is dispositive. So I review the first-filed finding de novo. 28 U.S.C. § 636(b)(1) (de novo review of dispositive motions); Fed. R. Civ. P. 72 (same).

### A. The first-filed rule would normally apply

The first-filed rule "gives a court the power to enjoin [lawsuits] involving the same parties and the same issues" as a case that was filed first in another district. *EEOC v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988) (internal quotation marks omitted). When that rule applies, the "second-filed court … has the discretion to decide whether to stay, transfer, or dismiss the case." *Chavez*, 836 F.3d at 210.

That doctrine applies here, the magistrate judge found, because this case and the Michigan cases are "linked by the same factual underpinnings." D.I. 26, at 7. I agree; the first-filed rule would normally apply.

First consider the issues. Verint sued here *because of* the Michigan lawsuits. True, the Michigan complaints allege mostly trademark violations. And those differ from the contract and unjust-enrichment claims here. Still, the cases' "subject matter overlaps," risking "forum or judge shop[ping]." *Law Sch. Admission Council, Inc. v. Tatro*, 153 F. Supp. 3d 714, 723–24 (E.D. Pa. 2015).

Next consider the parties. Three are the same: Verint and the two non-signing Fornell companies. And the two that are different on paper are related to the Michigan litigation: Verint alleges that Dr. Fornell directed the Michigan Plaintiffs

4

to sue and that the Michigan Plaintiffs are "agents and alter egos" of Dr. Fornell. D.I. 1 ¶¶ 5, 56. Thus, on these facts, the first-filed rule would normally apply.

## B. But I overlook the first-filed rule because of the forum-selection clause

Verint has an escape hatch. It urges me not to apply the rule because the don't-sue agreement has a forum-selection clause designating Delaware for litigation related to the agreement. D.I. 14-1 § 5(g). In cases where the first-filed rule would otherwise apply, courts may overlook it when a party points to a valid forum-selection clause. *Samuel T. Freeman & Co. v. Hiam*, 2012 WL 2120474, at *7 (E.D. Pa. June 11, 2012). Here, Verint argued that such a clause in the don't-sue agreement provided an exception to the first-filed rule. The magistrate judge disagreed, finding that Verint had waived reliance on the forum-selection clause by its conduct in the Michigan cases. D.I. 26, at 9. Verint objected.

Although Magistrate Judge Fallon's reasoning is not without force, I hold that Verint did not forfeit its right to rely on the forum-selection clause. So I disregard the first-filed rule.

"[V]enue objections are waivable, even when premised on a forum-selection clause." *In re Howmedica Osteonics Corp*, 867 F.3d 390, 407 (3d Cir. 2017); *see, e.g.*, *N. Am. Commc'ns, Inc. v. Herman*, 2018 WL 581069, at *7 (W.D. Pa. Jan. 25, 2018) (parties forfeited reliance by filing suits in other districts). As Magistrate Judge Fallon notes, "[t]he [waiver] inquiry is fact-specific, and 'there is no bright-line rule.'" D.I. 26, at 8 (quoting *Wachovia Bank Nat. Ass'n v. EnCap Golf Holdings, LLC*, 690 F. Supp. 2d 311, 328 (S.D.N.Y. 2010)).

Verint did not forfeit its right by defending the Michigan lawsuits. *See Rite Aid Hdqtrs Corp. v. Nest Int'l*, 2019 WL 9100331, at *2 (E.D. Pa. Mar. 13, 2019) (noting "the decisive difference between the initiation of an action, which may constitute a waiver of a forum selection clause, and the defense of a suit by filing counterclaims or cross-claims").

Nor did Verint forfeit reliance by "fail[ing] to assert [the clause] during the first several months of the Michigan Lawsuits." D.I. 26, at 10. It is not clear that the clause applies to the Michigan cases. The Michigan plaintiffs did not sign the Waiver Agreement, nor were their claims based on that agreement. So those cases did not "aris[e] out of" the Waiver Agreement and only tangentially "relate to" it. D.I. 14-1 §5(g). Plus, it is unclear whether the non-signatory Michigan plaintiffs can be bound by that agreement. *See, e.g.*, D.I. 29 (Defendants argue that "Delaware law does not extend forum selection clauses to non-signatories."). Verint's failure to enforce the clause cannot be "inconsistent with it" or "delayed" if the clause never applied in the first place. *Wachovia Bank*, 690 F. Supp. 2d at 328 (internal quotation marks omitted).

Thus, I reject the magistrate judge's finding that Verint waived its right to rely on the forum-selection clause. And because of that clause, I reject her recommendation to apply the first-filed rule.

### C. I reject as moot the report's recommendation to stay, and I refer the case back to Magistrate Judge Fallon

Magistrate Judge Fallon made three recommendations: (1) that I stay this case pending summary-judgment rulings in the Michigan Lawsuits; (2) that I decline to

transfer this case, at least until those motions for summary judgment are decided; and (3) that I decline to dismiss this case under the first-filed rule. D.I. 26, at 10.

I reject as moot the Report's recommendations to stay and decline transfer. While the Report was pending, the Eastern District of Michigan issued its summary-judgment ruling. That moots both recommendations.

I also reject the Report's recommendation that I decline to dismiss under the first-filed rule because that rule does not apply. Instead, I refer this case back to Magistrate Judge Fallon to reassess each motion, consistent with this opinion and the ruling in the Michigan Lawsuits, and to issue a new Report and Recommendation. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(b)(3). And I thank her for her assistance.

\* \* \* \* \*

The first-filed rule does not apply because of the parties' forum-selection clause. Because the Michigan summary-judgment motions have now been decided, I ask Magistrate Judge Fallon to reconsider the motions to dismiss, transfer, and stay.